## McGaffey v. The State.

Judgment reversed.

## [156] McGAFFEY v. THE STATE.

It is not necessary in an indictment to use the precise words of the statute. Hence an indictment under the eighth section of the act of February 5, 1840, to suppress gaming, was held sufficient, although the term employed by the act was "house" and the term employed by the indictment was "store-room."

In an indictment under the eighth section of the act of 1840, to suppress gambling, against a defendant, for permitting gaming in his house, it was not necessary to state what house, so that it was stated to be in the county, nor who it was that played, nor that money or property was bet.

It is not error for the charge of the judge to assume the form, "That if it be proven so and so, it is sufficient to convict."

On indictment for permitting gaming in one's house, it is not incumbent on the State to prove the permission expressly; the other facts being proved, the permission will be presumed, unless the defendant adduce proof to negative the presumption.

Appeal from Jefferson. The appellant was convicted, under the eighth section of the act of February 5, 1840, to suppress gaming, of "permitting a game of cards to be played in his store-room, the same being a public place." The judge charged the jury that "if the State proved that the store-house named in the indictment belonged to and was in the possession and under the control of the defendant and another in partnership; that it was a public place; that a game of cards was then and there played while so possessed; that it was in the county of Jefferson, and within twelve months of the finding of the bill of indictment, it is sufficient to convict the defendant of the charge, without proving that the defendant actually permitted it or had notice of the playing. It is matter of defense to negative by proof the permission to play or notice."

## McGaffey v. The State.

A motion was made for a new trial and overruled.   The appellant assigned for error—

1st. There is no law making it an offense to permit cards to be played in a public place or in a store-room.

[157] 2d. The indictment is bad for uncertainty, in this: that it does not show who it was that played cards, nor in what store-room they played, nor that money or property was bet.

3d. The court erred in the charge to the jury.

LIPSCOMB, J.  We will consider the errors in the order in which they have been presented in the assignment.

As to the first, by an inspection of the indictment, it will be found that the charge is that he (after description of person and place and time) did then and there permit a game with cards to be played in his store-room, the same being a public place."   The eighth section of the statute referred to above is as follows: "That if any person shall permit any of the games inhibited by the first section of this act to be played in his or her house, or rent any room for such purposes, he or she so offending shall be fined, on conviction, not less than one hundred nor more than five hundred dollars, at the discretion of the court."

By reference to the first section of the act it will be found that playing with cards is inhibited.    There is however the difference in the offense charged in the indictment and the offense described in the section of the act cited: in the indictment it is alleged to be "in his store-room;" whereas the law prohibits permitting playing a game with cards in his house.   A room is a part of a house, and there could be no playing in a room without its being in the house of which the room forms a part.   There can, then, be no substantial difference in the language of the law and the charge as set out in the indictment; and that charge is an indictable offense.   The object of the law is to define the offense.   In a prosecution for the commission of the offense it is not necessary to use the precise words contained in the law.   If other words are used to describe it with sufficient certainty, such variation in the language is not a fatal objection.   The further allegation, "being a public place," is nothing but surplusage, and can be treated as such.

[158] As to the second assignment, there is not anything in it that requires much attention.   It was not necessary to give a further description of the store-room than is given.   It is stated to be his store-room, and the indictment shows that it was within the county of Jefferson.   It was not necessary to aver whom it was that played.   If the prohibition extended to certain persons, for instance negroes or Indians, it would then have been essential to have alleged whom it was that was permitted to play a game with cards; but the prohibition is general, and would embrace every description of person.   Nor was it necessary to aver that money or property was bet in the game.

The third, that the court erred in the charge given to the jury.   The charge given was, "that if the State proved that the store-house named in the indictment belonged to and was in the possession and under the control of the defendant and another in partnership; that it was a public place; that a game of cards was then and therein played while so possessed; that it was in the county of Jefferson, and within twelve months of the finding of the bill of indictment, it is sufficient to convict the defendant of the charge, without proving the defendant actually permitted it or had notice of the playing.   *It is matter of defense to negative by proof the permission to play or notice.*"   By which I understand that such facts being proved by the State, a *prima facie* case was made out; because the presumption is that what is done in a man's house is done with his permission and within his knowledge.   If he did not forbid it, his permission is implied.   If he did not know of it, this want of notice would include the absence of permission.   It could only be made out by proof of facts incompatible with the presumption.   This could be done by proof of absence from home at the time and other circumstances to repel the presumption of

law arising from the prosecutor's *prima facie* proof. It is believed that the court did not err in the charge given, and the judgment is affirmed.

Judgment affirmed.

