### J. C. Harris v. D. C. Berry.

Decided December 19, 1909.

1.—Vendor and Vendee—Rescission.

A purchaser of a number of town lots would not be entitled to a rescission of the entire purchase because of the failure of title to several of said lots, in the absence of averment and proof that the lots, the title to which had failed, were necessary to the enjoyment of the rest of the purchase or formed a material inducement to the purchase of the whole. His remedy would be for an abatement in the purchase price.

**2.—Same—Abatement in Price—Pleading.**

To entitle a purchaser of real estate to an abatement of the purchase price because of the failure of title to a part of the property, he must furnish by his pleading a sufficient basis for ascertaining the amount of the abatement to which he is entitled by alleging the value either relative or otherwise of the part the title to which has failed. Pleading in such case considered and held insufficient.

Appeal from the District Court of Knox County. Tried below before Hon. Chas. E. Coombes.

*Coombes & Millwee,* for appellant, in support of his propositions, cited: Green v. Chandler, 25 Texas, 155; Cooper v. Singleton, 19 Texas, 261; Perez v. Everett, 73 Texas, 431.

No briefs for appellee.

CONNER, CHIEF JUSTICE.—Appellee sued to recover the amount of two promissory notes executed by appellant, each in the sum of six hundred and sixty-two dollars and fifty-two cents, alleging that the notes had been given for a part of the purchase money upon certain lots, described in the petition, situated in the town of Benjamin, and a foreclosure of the vendor's lien upon said lots was sought. Appellant answered by a general demurrer, a general denial, and especially to the effect that the notes, together with the sum of one thousand dollars in cash, had been paid for thirty-three lots in the town of Benjamin, the title to which had been warranted by the plaintiff, but that defendant had later ascertained the fact that the plaintiff had no title to two of the lots, wherefore he averred that the consideration had wholly failed; appellant also made substantially the same facts the basis of a prayer for cancellation of the notes and a recovery of the one thousand dollars, he proffering to execute such conveyances as might be necessary.

To appellant's said special pleas the court sustained special exceptions to the effect that appellant "did not allege the value of the said lots alleged to be short in the transaction, and did not furnish the proper basis for a recovery, in that if defendant's contention were true he would only be entitled to a credit on the purchase price for said lots to the amount of the value of the lots found to be short, estimated with regard to the purchase price and the location of the shortage and its proportionate value to the whole, unless said shortage was a material part of the property purchased." Appellant declining to amend, the court proceeded to hear the evidence and gave appellee judgment in accordance with his prayer.

Appellant groups five assignments of error under which he presents the following propositions: First: "Where there is fraud upon the part of the vendor, the vendee, upon the discovery of such fraud, may either affirm the contract and recover of the vendor the damages occasioned by such fraud, or he may elect to cancel the contract and recover the purchase money paid." Second: "Where the facts authorized a cancellation the vendee is entitled to a cancellation of the entire contract though the deception which vitiates the deed relates only to a part of the land conveyed." The propositions, however correct in the

abstract, certainly do not within themselves point out error in the court's action, nor is error shown by appellant's statement under the propositions. The case in substance as presented by appellant's special pleas is merely that of a vendor who has sold with warranty of title a specified number of lots to two of which the title has failed. The value, either relative or otherwise, of the two lots is not stated, nor is any fact stated authorizing an inference of fraud either actual or constructive.

In speaking of cases where the seller has no title to part of the property sold, it is said in 1 Sugden on Vendors, 477: "If the part to which the seller has a title was the purchaser's principal object, or equally his object with the part to which a title can not be made, and is itself an independent subject and not likely to be injured by the other part, equity will compel the purchaser to take it at a proportionate price; and in these cases it will be referred to chambers, to inquire, 'whether the part to which a title can not be made is material to the possession and enjoyment of the rest of the estate.'" If equity under such circumstances will compel a purchaser to take that to which the title is good at its proportionate price, one who has, as did appellant, completed the purchase by acceptance of the deed and the execution of notes, can not be allowed to rescind. Appellant at most is entitled to an abatement in the price paid, but his pleas nowhere furnish a basis for any such relief. It is perfectly apparent upon the face of his own plea that there was no total failure of consideration, and in the absence of some basis upon which computation may be made, relief for the partial failure can not be awarded. See Wever v. Samples, 56 Texas Civ. App., 562. We are unable to determine from the record or from appellant's special pleas that the two lots to which it is averred the title failed were in any sense necessary to the enjoyment of the rest, or were of any definite value or formed any material inducement to appellant's purchase. Indeed, the plea avers that after the sale had been made, but before the final execution of the deed and notes, appellee, by letter (and in no other way was the representation made) suggested a possible failure of title to two lots, in recognition of which there was an abatement of one hundred and fifty dollars from the gross purchase price originally agreed upon. It thus affirmatively appears that appellant had full knowledge of at least a partial failure of title before he consummated the transaction by accepting the deed and executing the notes sued upon. At most, therefore, we think the extent of his remedy was to receive an abatement in the way of damages, and for this, as before stated, his pleas furnish no basis. See Grabenheimer v. Blum, 63 Texas, 369; Loper v. Robinson, 54 Texas, 516.

No other propositions are presented by appellant, and we conclude that no error has been shown and that the judgment should be affirmed.

*Affirmed.*