ROBEY v. CRAIG. (No. 5417.)

(Court of Civil Appeals of Texas. Austin. Nov. 25, 1914.)

1. LANDLORD AND TENANT (§ 231*)—MISREPRESENTATION OF LESSOR—EVIDENCE.

In an action on a rent note, evidence *held* to warrant a finding that the lessee was induced by the lessor's misrepresentations to lease the property.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 34*)—LEASES—RESCISSION.

Where a lessor fraudulently misrepresented the character of the land leased, the lessee may rescind, though he did not rely wholly on the lessor's statements.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 97; Dec. Dig. § 34.*]

3. LANDLORD AND TENANT (§ 28*)—LEASES—RESCISSION.

One leasing real property is entitled to rely upon the representations of the lessor as to the character of the land.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 82–84; Dec. Dig. § 28.*]

4. LANDLORD AND TENANT (§ 31*)—LEASES—RESCISSION.

Where a lessor fraudulently misrepresented the character of the land, the lessee, who relied upon his statements, is not estopped to rescind because the lease recited that he had inspected and was satisfied with the land.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 88–91; Dec. Dig. § 31.*]

Appeal from Coleman County Court; F. M. Bowen, Judge.

Action by B. F. Robey against J. C. Craig. From a judgment for defendant, plaintiff appeals. Affirmed.

---

Snodgrass, Dibrell & Snodgrass, of Coleman, for appellant. W. Marcus Weatherred, of Coleman, for appellee.

RICE, J. This suit was brought by appellant against appellee to enforce collection of a note for $474.20, of date December 9, 1908, due October 1, 1909, bearing interest at 10 per cent., and providing for reasonable attorney's fees, in the event of suit. Appellee answered by general denial and by special plea of failure of consideration and set-off in the amount of $90, alleging that the note sued on was given to cover rent at $3 per acre for the year 1908 on a block of 158 acres of land owned by appellant; that he was induced to execute the note sued on, as well as the rental contract, by the fraudulent representations of appellant to the effect that the land was all tillable and in cultivation, whereas, in fact, 30 acres thereof was untillable and not in cultivation; and that appellant, knowing the condition of the land, concealed from appellee that fact, by reason of which appellee repudiated the contract and abandoned the premises, and that appellant subsequently rented 30 acres thereof to one party at $1 per acre, and the remainder to another for $382.65.

Appellant replied by supplemental petition, urging exceptions, and setting up a written rental contract in bar of appellee's claim, denied allegations of fraudulent representations and concealment, and specially pleaded that he told appellee to inspect the land and satisfy himself, and that appellee did make such inspection before signing the note and rental contract. The foregoing statement, taken substantially from appellant's brief, is concurred in by appellee.

The case was submitted to the jury on special issues, upon the responses to which the court rendered judgment in favor of appellee, from which this appeal is prosecuted.

[1] The first assignment insists that the court erred in refusing to give in charge to the jury a peremptory instruction to the effect that they should find for appellant an amount equal to the difference between the note sued on, with interest thereon from due date, and $411.65, the amount received by him from the parties to whom he had rented it after it was abandoned by appellee, together with 10 per cent. additional on said difference as attorney's fees. This contention is based on the theory that there were no false representations or concealments made by appellant, as alleged by appellee; and, as the note sued on was only entitled to the credits above named, appellant should have had an instructed verdict for the balance of principal, interest, and attorney's fees on said note.

The jury found in response to special issues Nos. 4 and 7 that appellant, before the execution of the note and contract, represented to appellee that all of said land was tillable and in cultivation, and further found, in response to special issue No. 6, that 30 acres thereof were not in a state of cultivation. The evidence, we think, supports these findings. When appellee applied to appellant to rent 150 acres of good farming land, appellant told him he had such a tract, and that the same was as good land as his McDaniel place, which was in cultivation. It is true that he told appellee to go and see the land, and appellee in fact made two visits for this purpose, but only made a partial inspection of the premises about the house, and did not go over the tract, because on the first occasion it was too late to do so, and on the second he was prevented by a wet norther, which suddenly blew up. He testified, and the jury found, that he relied upon appellant's statement with reference to the land, and was thereby induced to sign the note and execute the contract. It is the contention of appellant that appellee, having made an investigation, was not permitted to rely upon the faith of appellant's statement in this respect. The evidence shows that 30 acres of this land was rocky sod land, and had never been in cultivation, for which reason appellee abandoned it.

[2] Notwithstanding appellee's investigation and statement when he signed the note and contract, to the effect that he had inspected the land and was satisfied with it, it is apparent from the record that he did not wholly rely upon such investigation, but, on the contrary, depended, partly at least, upon the truth of appellant's representations with reference to said land. In 20 Cyc. p. 41, subd. B, on the subject of fraudulent representations, it is said:

"It is not necessary that plaintiff should have relied exclusively upon defendant's statements—that they should have been the sole or even principal inducement to plaintiff's change of situation—but if they exerted a material influence upon his mind, although they constituted only one of several motives which acting together, produced the result, it is sufficient, as where plaintiff, to some extent, relied upon the statements of third persons, and the same principle applies to a concealment."

[3] As appellant was the owner of the land, he was peculiarly cognizant of the quantity and quality of it. The appellee, applying to him to lease the same, naturally and properly looked to him for information, and had the right to rely upon his representations. See Mitchell v. Zimmerman, 4 Tex. 78, 51 Am. Dec. 717; Pendarvis v. Gray, 41 Tex. 326; 18 Am. & Eng. Ency. Law, 318; Benton v. Kuykendall, 160 S. W. 438. We conclude, therefore, that said assignment should be overruled.

[4] Appellee, notwithstanding the stipulation of the contract to the contrary, had the right to set up and rely upon the fraudulent representations of appellant, and we hold that he was not estopped from so doing, for which reason we overrule appellant's assignment insisting upon this feature of the case.

We have examined the remaining assignments, and, after due consideration, believe they should be overruled; and it is so ordered. Finding no error in the proceedings of the trial court, its judgment is in all respects affirmed.

Affirmed.