### PASCHAL et al. v. HARRIS MOTOR CO.
### (No. 11343.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 9, 1926.)

**1. Justices of the peace ⊘⇒159(1)—Plaintiff on appeal from adverse judgment in justice to county court is not required to give appeal bond.**

Plaintiff, on appeal to county court from adverse judgment in justice court, *held* not required to file an appeal bond, since it is presumed that plaintiff's cost bond filed in justice court will protect defendant against any costs which he may incur, in case he should prevail.

**2. Appeal and error ⊘⇒1074(3)—Error in failing to require plaintiff to give cost bond in justice court held harmless, where plaintiff prevailed on appeal to county court (Rev. St. 1925, art. 2068, et seq.).**

Any error in failing to require plaintiff in suit in justice court to give cost bond under Rev. St. 1925, art. 2068 et seq., *held* harmless, where he prevailed on appeal to county court and hence primarily owed no costs thus far.

**3. Automobiles ⊘⇒19—Statute requiring tax collector's receipt in sale of automobiles inapplicable to sale of new automobile or to mortgage on automobile (Pen. Code 1925, art. 1434).**

Pen. Code 1925, art. 1434, prohibiting sale of secondhand motor vehicles without tax collector's receipt for license fee for year, is primarily intended to prevent sale of motor vehicles which have been stolen, and does not apply to sale of new automobiles or to one who receives a mortgage on an automobile.

**4. Chattel mortgages ⊘⇒89—Chattel mortgage on automobile held not invalidated by removal to another county and failure to file mortgage therein, in absence of evidence that mortgagee knew of such removal for four months or more thereafter (Rev. St. 1925, art. 6645).**

Chattel mortgage on automobile *held* not invalidated under Rev. St. 1925, art. 6645, by removal of car to another county and failure of mortgagee to file mortgage in such county within four months from time of removal, in absence of any evidence that mortgagee knew of such removal for four months or more thereafter.

Appeal from Johnson County Court; O. B. McPherson, Judge.

Suit by H. J. Harris and others, a partnership, doing business as the Harris Motor. Company, against Sam Paschal and another. Judgment for named defendant in justice court was reversed on appeal to county court,

---

and from judgment for plaintiff in county court named defendant appeals. Affirmed.

Chrisman & Chrisman, of Cleburne, and J. L. Bird, of Walnut Springs, for appellant.

J. E. Abernathy, of McKinney, and Kilpatrick & Kilpatrick, of Cleburne, for appellee.

BUCK, J. This cause originated in the justice court of Johnson county, upon the issuance of a writ of sequestration, on June 20, 1924, issued on the application of H. J. Harris, member of a partnership consisting of H. J. Harris, Lee Wilson, and T. A. Rose, doing business at McKinney, Collin county, under the name of Harris Motor Company. Said writ was issued by the justice of the peace at McKinney, Collin county, and was served by the constable at Cleburne, Johnson county. Said writ alleged that oath had been made by H. J. Harris that the Harris Motor Company had filed suit in the justice court (presumably of Collin county) against M. C. Morgan, for debt in the sum of $134.78, of which $110 was alleged as principal, $12.53 as interest, and $12.25 as attorney's fees, and for foreclosure of a mortgage lien given by Morgan to said Harris Motor Company, on a certain described Ford touring car, alleged to be of the value of $150 and then in possession of Sam Paschal. The writ was served on June 19, 1924, apparently one day before it was issued, but evidently one of the dates is a wrong one. The return of the officer recited the service of the writ, and that the car was found in the possession of said Paschal, and claimed by him, and that he had replevied the same by giving bond in the sum of $300.

Under order of the justice court at Cleburne, issues were joined for the trial of the rights of property, and plaintiff set up the alleged facts that said Morgan on or about June 16, 1923, was indebted to plaintiff in the sum of $160, and was the owner of the automobile in controversy, and that he executed and delivered to plaintiff his promissory note for $160, dated June 16, 1923, payable at $25 a month except the last installment was $35, etc. The said mortgage was recorded in Collin county on June 23, 1923. That plaintiff had filed suit in the justice court of Collin county, and a writ of sequestration had been issued to Johnson county, and the officer serving said writ had found the car in possession of Sam Paschal, who gave his replevy bond as before stated. It was alleged that said Paschal did not own said car, though he had set up a pretended claim thereto. It was alleged, in the alternative, if mistaken in the allegation that Paschal did not own the car, that the mortgage thereon was on record in the county clerk's office in Collin county, and Paschal had purchased said car with notice of plaintiff's claim.

Defendant Paschal denied plaintiff's allegation as to ownership of the car in question, and alleged that he was the owner thereof. He further alleged that plaintiff had failed to have filed the claimed mortgage in Johnson county within four months from the time when said car was removed to said county, and that plaintiff had knowledge of said removal, and that plaintiff's failure to so record the mortgage in Johnson county entitled defendant to the peaceable possession of the car. He also alleged other defenses which will be noticed later.

In the justice court defendant Paschal recovered judgment, and plaintiff appealed to the county court. In the county court defendant filed his motion to require plaintiff to file a good and sufficient appeal bond, or to dismiss the suit, and, in the alternative, he moved that plaintiff be required to file a good and sufficient cost bond. The court overruled this motion. From a judgment for plaintiff in the county court, defendant has appealed.

[1, 2] We find no reversible error in the action of the trial court in not sustaining defendant's motion to require plaintiff to give bond or to dismiss the suit. The plaintiff in the justice court is not required to give an appeal bond in order to appeal to the county court. It is presumed that plaintiff's cost bond filed in the justice court will protect defendant against any costs which he may incur in case he should prevail. Johnson County Sav. Bank v. Midkiff & Caudle (Tex. Civ. App.) 106 S. W. 1131; M. K. & T. Ry. Co. v. Milliron, 115 S. W. 655, 53 Tex. Civ. App. 325; and other cases cited under article 2456, Rev. Civ. Statutes 1925; article 2393, Rev. Civ. Statutes 1914. It is true that the motion to require a cost bond should have been granted, and a cost bond required to be filed, but such error becomes immaterial as the plaintiff below has prevailed in this case, and he, primarily, owes no costs so far. The purpose of the law which permits the defendant to obtain an order requiring the plaintiff to give a cost bond is to protect the defendant in case the plaintiff be cast in the suit. But when the defendant loses below, the error of the trial court in overruling the motion for a cost bond becomes immaterial. Gipson et al. v. Williams et al. (Tex. Civ. App.) 27 S. W. 824; Yoakum v. Mettasch (Tex. Civ. App.) 26 S. W. 129; rule for costs, article 2068 et seq., 1925 [2050]. Said article authorizes the enforcement of the rule for costs upon motion of the defendant or of any officer of the court interested in the costs accruing, but defendant alone so made the motion here, and our ruling is limited to the facts here shown.

[3] We do not think reversible error is shown in the refusal of the court to admit certain testimony of J. W. Lindsay. There is nothing in the record to show that the car in question when the mortgage was given by Morgan was a secondhand car, and article

1434, Penal Code 1925, prohibiting one from selling or trading secondhand motor vehicles in this state without then and there having in his actual physical possession the tax collector's receipt for the license fee issued for the year that said vehicle is offered for sale or trade, and prohibiting one from buying or trading for any such vehicle in this state without demanding and receiving the tax collector's receipt for the license fee issued for said motor vehicle for the year that said vehicle is bought or traded for, does not apply to the sale or purchase of a new automobile. Moreover, we do not think that the article applies to one who receives a mortgage on an automobile, for while the mortgagee by the terms of the mortgage reserves the superior title to the car so long as the mortgage remains unsatisfied and is in force and effect, yet really the mortgagee does not have the right of possession prior to the enforcement of his right of foreclosure. We think the act above cited refers only to a transfer of the right of use and possession, and is primarily intended to prevent the sale of motor vehicles which have been stolen. We think that the testimony of Houston Lindsay, offered by appellant and recited in bill of exception No. 2, is subject to the objection of being hearsay, and that the trial court did not err in excluding it. We also make the same ruling as to the testimony of J. W. Lindsay, set out in bill of exception No. 3.

Article 6645, Civ. Statutes 1925, reads as follows:

"Every deed, mortgage, or other writing, respecting the title of personal property hereafter executed, which by law ought to be recorded, shall be recorded in the clerk's office of the county court of that county in which the property shall remain; and if afterwards the person claiming title under such deed, mortgage, or other writing, shall permit any other person in whose possession such property may be to remove with the same, or any part thereof, out of the county in which the same shall be recorded, and shall not, within four months after such removal, cause the same to be recorded in the county to which such property shall be removed, such deed, mortgage, or other writing for so long as it shall not be recorded in such last-mentioned county, and for so much of the property aforesaid as shall have been removed, shall be void as to all creditors and purchasers thereof for valuable consideration without notice."

This court in the case of Goggan & Bros. v. Synnott, 134 S. W. 1184, 63 Tex. Civ. App. 530, in an opinion by Justice Speer, construed this article and held that registration in the county to which the property had been removed, within four months after the removal of the property to said county, was necessary only where the mortgagee consented to the removal, or at least had knowledge thereof. In Spikes v. Brown (Tex. Civ. App.) 49 S. W. 725, it was held that the article does not apply where mortgaged chattels are removed from the county without the mortgagee's consent and he seeks to recover them as soon as he learns of their removal. See Vickers v. Carnahan, 23 S. W. 338, 4 Tex. Civ. App. 305.

[4] The Texarkana Court of Civil Appeals held, in the case of Guaranty State Bank v. Reeves, 213 S. W. 285, that the article making chattel mortgages void against bona fide creditors and innocent purchasers for value, etc., where the mortgagee permits the property to be removed to another county and fails to record the mortgage there within four months, is inapplicable to property removed without the mortgagee's consent but with his knowledge. We do not find it neccessary to go so far as to hold that the article is inapplicable where the mortgagee had knowledge of the removal of the mortgaged property to another county, and more than four months after such knowledge took no steps to have the mortgage recorded in the county where the property was situated, or to enforce his rights thereto; but we do hold that, in the absence of any evidence that the mortgagee knew of the removal of the property for four months or more thereafter, the mortgage is not voided by such removal.

All assignments are overruled, and the judgment below is affirmed.

DUNKLIN, J., not sitting.