**MORRIS v. STANFORD. (No. 9748.)**

Court of Civil Appeals of Texas. Dallas.
May 7, 1927.

**1 Appeal and error ☞1002—Jury's finding on controverted issue is binding on appellate court.**

Finding on controverted issue, passed on by jury, is binding on Court of Civil Appeals.

**2. Process ☞6—After denial of right to prosecute suit as guardian, with permission to prosecute as next friend, court properly permitted prosecution on original pleadings.**

Where right to prosecute suit in capacity of guardian was denied, with permission to prosecute as next friend, court properly permitted prosecution thereof on original petition without necessity of citing defendant to answer to new suit.

**3. Appeal and error ☞1043(2)—Court's error in failing to require plaintiff to give security for costs held harmless, where plaintiff was not adjudged to pay costs.**

Error of trial court in permitting prosecution of suit to cancel deed without requiring security for costs or affidavit in lieu thereof *held* harmless, where plaintiff was not adjudged to pay any costs.

**4. Insane persons ☞94(2)—Person incapable of properly caring for litigation may institute suit by next friend, though not non compos mentis.**

Person may institute suit by next friend, though such person be not a non compos mentis, but by reason of mental or bodily infirmities is unable to care for his own interests in litigation.

**5. Deeds ☞203—Proof of mental incapacity to execute deed must be so related to day of transaction as to establish mental incapacity at such time.**

In proving mental incapacity to execute deed much latitude is allowed, and evidence is not confined to very day of transaction in issue, but it must be so related to such day in point of time that it will tend to establish fact that on day of contested transaction there existed mental incapacity.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit by J. H. Stanford, next friend of Creassy Stanford, against C. W. Morris. Judgment for plaintiff, and defendant appeals. Affirmed.

Tomas G. Pollard, of Tyler, for appellant. R. M. Lively, of Canton, for appellee.

JONES, C. J. This was a suit in the district court of Van Zandt county to cancel a deed alleged to have been executed by Creassy Stanford to appellant, C. W. Morris, and to divest appellant of whatever title to said land was vested in him by said deed. The deed was of date February 18, 1925, and re-

cited a cash consideration of $400 paid by appellant to appellee, Creassy Stanford. A trial of the case resulted in a judgment in favor of appellee.

The ground for cancellation is alleged to have been the mental incapacity of appellee to execute a valid deed of conveyance at the time the deed was executed, and a further allegation denying the recited consideration in the deed and denying that any consideration for such conveyance ever passed to appellee. Appellant answered this suit, first, by what he terms a plea in abatement, which plea challenged the right of Henry Stanford to bring the suit as guardian of the person and estate of appellee, and alleged non compos mentis, on the ground that appellee had never been adjudged a lunatic, and no permanent guardian of her person or estate had ever been appointed. In due order of pleading, an answer was filed, consisting of a general denial, special denial of the capacity in which Henry Stanford brought the suit, denial of the mental incapacity of appellee, and alleging that the deed executed to appellant was a valid conveyance and passed to him complete title to the land; and, also, that the recited consideration was paid by him.

Appellee replied to the plea in abatement, reaffirming the fact of the guardianship of Henry Stanford, but in the alternative alleging that, if the court should hold that the said Stanford was not such guardian then he be allowed to prosecute this suit for appellee as next friend, and also that appellee be allowed to prosecute said suit in her own personal right. In this reply it was alleged that, because of the extreme age of appellee, and her physical and mental infirmities, she was unable to prosecute said suit in her own name.

The court's order on this plea was to sustain the contention that the said Henry Stanford was not the legal guardian of the person and estate of appellee, and decreed that the suit, in so far as it was being prosecuted by the alleged guardian, be abated, but that the said Henry Stanford be allowed to prosecute said suit as next friend of appellee, and appellee be allowed to prosecute said suit in her own person. This action of the court was duly excepted to.

Without amending the pleading, but acting under the said order of the court, the suit was prosecuted in the manner designated by the court, and was tried on the allegations of the original petition. Appellant objected to this procedure on the ground that the effect of the court's order was an abatement of the original suit, and could only be further prosecuted by filing a new suit on which he must be duly cited before he could be required to proceed to trial; and further that Henry Stanford could not prosecute said suit as next friend of Creassy Stanford until she had been legally adjudged a person of un-

sound mind. These contentions were all overruled, and the trial proceeded under the order of the court on the allegations of the original petition and the answer filed by appellant. Before the reception of testimony, appellant filed a motion that appellee be required to give a cost bond. This motion was overruled and such action duly excepted to. There was filed no cost bond or affidavit in lieu thereof in the case.

The case was submitted to the jury on three special issues, which issues and the jury's verdict thereon are as follows:

"Question No. 1: Does the evidence show that Creassy Stanford signed the deed in question by making her mark, purporting to convey the land in controversy to C. W. Morris? Answer: Yes.

"Question No. 2: Does the evidence show that, at the time the instrument was purported to have been executed by Creassy Stanford, the said Creassy Stanford was of unsound mind? Answer: Yes.

"Question No. 3: At the time the deed was executed by Creassy Stanford, if she did, was she indebted to the defendant in a sum amounting to the consideration in said deed? Answer: No."

Appellant duly presents his contentions for the reversal of this case, and the grounds relied upon are as follows: (a) The court erred in permitting appellee's suit to be prosecuted on the original petition after the plea in abatement had been sustained; (b) the court erred in requiring appellant to proceed to trial of the cause after the plea in abatement had been sustained, and no new suit had been instituted, and he had not been cited to answer the suit by next friend; (c) the court erred in overruling appellant's motion to require appellee to give security for costs; (d) the court erred in requiring appellant to proceed to trial without security for costs or an affidavit in lieu thereof; (e) the findings of the jury on special issues Nos. 2 and 3 are not supported by the evidence, and are each against the great preponderance of the evidence, and therefore do not form a basis for a valid judgment; (f) because of the admission of evidence as to the mental incapacity of appellee at times other than the date on which the deed was executed.

[1] The record discloses that appellee was approximately 90 years of age at the time of the execution of the deed; that for some days previous to such execution she was sick, and at the time of the execution of the deed was lying in bed; that she was an ignorant woman, unable to read or write, and there is evidence that for the space of the 2 years preceding the execution of the deed her mind was so infirm she was uncapable of comprehending a business transaction. She was placed on the witness stand, and her evidence and demeanor on the witness stand, as reflected by this record, clearly indicate her mental incapacity to comprehend any busi-

ness transaction. This evidence in the main was controverted by evidence offered by appellant, but this controverted issue was passed upon by the jury and resolved in appellee's favor, and is binding on this court. We adopt the verdict as the findings of this court.

In reference to the attack by appellant on the capacity of Henry Stanford as guardian to maintain this suit, it is disclosed by bill of exception that he had been appointed temporary guardian of the estate and person of appellee by the county court of Van Zandt county, and that the question as to whether the temporary guardianship would be made permanent was contested, and would come up for adjudication at the next regular term of said county court. It was under such circumstances that the court held that Henry Stanford could not maintain the suit in the capacity of guardian of appellee.

[2] The legal effect of the court's order denying the right to prosecute the suit in the capacity in which it was instituted is that, as no such capacity existed, the suit cannot be so prosecuted, but, at the written request of appellee, the suit may be prosecuted by Henry Stanford in the capacity of next friend; in other words, to substitute Henry Stanford in a permissible capacity as plaintiff for Henry Stanford in a capacity that was not permissible. Appellant does not show that he suffered any injury by reason of this change of capacity of plaintiff from guardian to next friend, and we see no reason why the court could not permit the immediate prosecution of the suit under this substitution of parties. All assignments of error in reference to this action of the court are overruled.

[3] On the motion of appellant the court should have ruled appellee for costs, and it was error not to have done so. This error, however, in view of the findings of the jury and the judgment of the court, becomes harmless, because, so far, appellee has not been adjudged to pay any costs. Gipson v. Williams (Tex. Civ. App.) 27 S. W. 824; Yoakum v. Mettasch (Tex. Civ. App.) 26 S. W. 129; Gilmer v. Beauchamp, 40 Tex. Civ. App. 125, 87 S. W. 907–909; Paschal v. Harris Motor Co. (Tex. Civ. App.) 280 S. W. 614.

[4] There is nothing in the contention that, before appellee could be represented by next friend, there would have to be a legal adjudication as to the unsoundness of her mind. The courts of this state permit a person to institute a suit by next friend, though such person be not a non compos mentis, but by reason of mental or bodily infirmities is incapable of properly caring for his own interests in the litigation. Lindly v. Lindly et al., 102 Tex. 135, 113 S. W. 750. The assignments of error in respect to this issue are overruled.

Under the verdict of the jury, no judgment could have been entered other than the one

rendered. As we have found that this verdict is supported by the evidence, these findings are binding on this court, and all assignments of error attacking the sufficiency of the evidence to sustain the judgment are overruled.

[5] In proving mental incapacity, much latitude is necessarily allowed, and the evidence is not confined to the very day of the transaction in issue, but it must be so related to such day in point of time that it will tend to establish the fact that on the day of the contested transaction there existed the mental incapacity. If mental incapacity existed for a period not too remote from the day in question, evidence of such fact is admissible, not primarily to establish incapacity of such time previous to the transaction, but as a fact tending to prove that incapacity existed on the date of the inquiry. However, the witnesses about whose evidence complaint is made brought their testimony of incapacity down to the very date of the transaction. All assignments of error in reference to the admission of this testimony are overruled.

Finding no reversible error, it is our opinion that this judgment should be affirmed.

Affirmed.