### TIPS v. BARNEBURG. (No. 8036.)

Court of Civil Appeals of Texas. San Antonio. June 27, 1928.

Rehearing Granted and Cause Set for Resubmission Oct. 17, 1928. Reaffirmed Oct. 24, 1928. Rehearing Overruled Nov. 28, 1928.

Dibrell & Mosheim and F. E. Knetsch, all of Seguin, for appellant.

Davis & Wright, of San Antonio, and R. A. Weinert and A. J. Wirtz, both of Seguin, for appellee.

FLY, C. J. This is a suit originally instituted by appellant against appellee, J. R. Kennedy, H. M. Maud, and Seguin Dairy Products Company, to recover on a note for $11,000 and another for $1,500, and for the foreclosure of a vendor's lien on certain property in the city of Seguin. Barneburg filed a cross-action against appellant, alleging that the note sued on was given by him in an exchange of property between him and appellant, and alleged fraud upon the part of appellant. This is a second appeal of the case. On the former appeal the judgment was reversed and the case remanded; and the statement made by this court on that appeal is referred to. 276 S. W. 932. The Supreme Court refused a writ of error.

The allegations in the pleadings on the cross-action were fully amended to meet the rulings by this court, and appellant amended alleging fraud on the part of appellee in statements and actions in connection with his property in Frat, exchanged for the Seguin property. The cause was tried as between appellant and appellee on a first amended original petition and four supplemental petitions and a second amended original answer and plea in reconvention and three supplemental answers. It seems from a motion to consolidate that in another suit all matters as to all parties named in the former appeal had been settled except those between appellant and appellee, and it was prayed that the other suit be consolidated with this, and it was done. The cause was submitted to a jury on 17 issues, formulated by the court.

■ The first two issues being numbered I and II, and then subdivided into questions marked A, B, C, D, E, and F, which is somewhat confusing, and the answers are not placed under the questions, but in a different part of the record, which entails considerable labor in turning from questions to answers to ascertain the verdict. Even in the judgment the questions and answers are separated from each other, entailing an expenditure of time and labor which could and should have been prevented.

On the former appeal it was held that the finding of fraud on the part of one of the parties was not a finding that the fraud induced the exchange of properties, that it was impossible to ascertain whether the jury found the gross or net values of the properties, that the statement of a banker as to values of certain properties not based on proved experience was the mere statement of an opinion, and further that if appellee relied on his own investigation as to values, rather than on the opinion of appellant, he could not recover. All these rulings were fully met on the last trial.

In answer to the various issues, the jury found that Charles E. Tips told Barneburg that the ice plant and creamery in Seguin would pay expenses through the winter and make the latter a living as well, that such representation was false, that the representation was made to induce appellee to trade his properties in Frat for those of appellant in Seguin, that appellee relied on the representations of appellant although appellee had made an independent investigation as to the truth or falsity of the representations. They found, however, that appellee did not act solely on the investigation made

by him. The jury found that appellant represented that the ice plant and creamery were of the value of $30,000, which representation was false, and was made for the purpose of inducing appellee to make the exchange of properties, and appellee relied and acted thereon in ignorance of the truth or falsity of the representations.

The jury also answered that although appellee sought to investigate as to the truth or falsity of appellant's statements, he did not rely solely on such investigation. The jury found the Frat property was worth $15,800, after deducting $11,000, and that the creamery and ice plant were worth $3,500 after deducting $11,000, that the 210-acre farm of appellant was worth $4,050, after deducting $7,500. The jury found that appellee was indebted to appellant on account of the items in the case consolidated with this suit in the sum of $1,735. The court on the answers of the jury found that appellee was entitled to recover on his cross-action the sum of $8,250, from which should be deducted the sum of $1,735.35 due by appellee to appellant, leaving the sum of $6,514.65 due by appellant to appellee, and for that sum judgment was rendered in favor of appellee. We conclude that the evidence sustains the verdict.

■ Through the first proposition under the first assignment of error, and the first proposition under the second and third assignments, appellant complains of the refusal of the court to submit the issue requested by appellant as follows:

"Do you find from the facts in evidence the defendant, Roy Barneburg, after discovering the fraud charged against the plaintiff, Charles E. Tips, if any, conveyed the 210 acres of land and the ice plant and creamery to E. H. Burns and J. R. Kennedy, respectively, for valuable consideration and received benefits therefrom, and that thereby he intended to accept the property conveyed him by plaintiff Tips?"

The issue sought to be presented, had it been answered in the affirmative, could have had no bearing whatever upon the case. The issue was sought, not in order to show that appellee shortly after he obtained the property from appellant sold it for as much or more than was paid appellant, but merely to show that appellee had fully ratified the trade by selling the property and had estopped himself from obtaining damages for the fraud in inducing him to make an exchange of the properties. The proposition is not founded on law or the rules of equity. Appellee, when he discovered the fraud perpetrated on him, could sue to rescind the contract, or could adhere to his contract and sue for the damages resulting to him through the fraud of the party with whom he had exchanged properties. He could enter a court of equity to ask for a rescission or a court of law to recover damages arising from the fraudulent representations that induced the making of the contract. As said by Bigelow in his work on Fraud (page 184):

"If the fraud result in a contract, performance of the same, after discovering that it was fraudulently obtained by the opposite party, does not preclude a person from suing for damages on account of the fraud. The injured party may retain the benefits of the contract, confirm its validity, and still recover damages for the fraud by which he was induced to make it; or he may recoup any damages which he has sustained if the opposite party sue him for money due on the contract, or for failure to perform it."

The same rule has often been stated by Texas courts. Grabenheimer v. Blum, 63 Tex. 369; Du Bois v. Rooney, 82 Tex. 173, 17 S. W. 528; Hallwood Cash Register Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Harris v. Berry, 58 Tex. Civ App. 276, 123 S. W. 1148; Winters v. Coward (Tex. Civ. App.) 174 S. W. 940; Hubbs v. Marshall (Tex. Civ App.) 175 S. W. 716.

■ ■ The first and second propositions under the fourth assignment of error are overruled. The court submitted to the jury issues as to whether appellee made independent investigations as to the represented value of the creamery and ice plant as well as to their represented earning power, and also as to whether appellee acted on what he learned by his investigation. The jury not only found that he did not, but also that appellee acted on the fraudulent representations made to him by appellant. The court did not err in refusing to present special issues referring to appellee's investigation. The facts show that appellee made only a cursory investigation, and from the very nature of the false representations made as to value and the earning capacity of the plants, appellee could not discover anything by an investigation. He was compelled to and did rely upon the representations of appellant, who alone knew at the time of their truth or falsity. Appellant did not give appellee access to his books, which might have shown what the creamery and ice plant were earning. He was a stranger in Seguin, he was at great disadvantage, and all circumstances conspired to cause him to rely upon the statements made by appellant. If appellee relied in part upon the statements of appellant, that was sufficient to form a basis for damages if the statements were false. As said in Labbe v. Corbett, 69 Tex. 503, 6 S. W. 808, and quoted and approved in Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900:

"When once it is established that there has been any fraudulent misrepresentation, * * * by which a person has been induced to enter into a contract, it is no answer to his claim to be relieved from it to tell him that he might have known the truth by proper inquiry. He has a

right to retort upon his objector: 'You, at least, who have stated what is untrue, * * * for the purpose of driving me into' a contract, cannot accuse me of want of caution because I relied implicitly upon your fairness and honesty.' "

See, also, Robey v. Craig (Tex. Civ. App.) 172 S. W. 203; Durham v. Wichita Mill & Elevator Co. (Tex. Civ. App.) 202 S. W. 138; Burnett v. Boyer (Tex. Civ. App.) 285 S. W. 670.

The four propositions under the fifth and sixth assignments of error assail the action of the court in not rendering judgment on the answers of the jury to the issues submitted to them, it being the contention of appellant that the representation of the earning power of the ice cream and ice plants were predictions and cannot form the basis for damages for fraud and deceit. That point was decided against the contentions of appellant on the former appeal, which met with the approval of the Supreme Court, if appellant had experience in running the plants. However, he swore that he had no experience in operating the plants in the winter, then he ought not to have deceived appellee by giving an opinion about a matter of which he claims he knew nothing. He stated it, not as an opinion, but as a fact, that the plants would not only pay expenses during the winter, but also enough for a living for appellee.

Appellant, from his experience with the plants, must have known that it was not true that they would produce revenue during the winter months. He had the account books of the business, which he has never offered to exhibit to appellee, and he knew what they disclosed. The presumption is that they show that the business was not a success in summer or winter. He stated a number of facts to show the earning capacity of the plants as well as their value. To substantiate such statements, he represented that the machinery was in good condition, that the ice factories in Seguin could not manufacture enough ice for home consumption and ice had to be shipped from other points, that there was great profit in the ice cream business, and the plants would pay expenses and make a living for appellee in the winter. The so-called facts were not true, but were accepted by appellee as being true. The parties were not dealing upon equal terms with each other, appellant making represen-

tations about a business with the details of which he was acquainted, and appellee, a stranger, inexperienced, relying upon the truth of the representations, which his after experience showed him were false and fraudulent. Riggins v Trickey, 46 Tex Civ. App. 569, 102 S. W. 918; Baugh v. Houston (Tex. Civ. App.) 193 S. W. 242. Appellant knew that he was in a position where his statements as to earning power and value of the plants would necessarily be relied on by appellee. He knew that appellee would believe his statements and by that knowledge the statements became culpable in the eyes of the law. Baugh v Houston, herein cited; Champion v. Heskett, 125 Mo. App 516, 102 S. W. 1050. There was evidence to show that the plant represented to be worth $30,000 was not worth over $10,000. Appellant made false representations which he knew could not be shown to be false by any investigation within the power of appellee. It was not essential that the false representations should have been the sole cause moving appellee to make the trade, still if appellee was induced to act by such representations he can recover Stoker v. Fugitt (Tex. Civ. App.) 113 S. W 310 Hoyt v. First Nat. Bank (Tex. Civ App.) 247 S. W 645, affirmed by the Supreme Court Freshwater v Hoyt, 259 S. W. 923; Moore v. Bleakley (Tex. Com. App.) 215 S. W 957.

In a long and very involved proposition, under the seventh assignment of error, appellant seeks to complain of the action of the court in refusing to compel appellee to give security for costs in connection with his cross-action. The matter is one not subject to review by this court, because of the failure to show any injury to appellant by the action of the court. Appellant lost in the trial court, and he, not appellee, is assessed with the costs. Gipson v Williams (Tex. Civ. App.) 27 S. W. 824; Paschal v Harris Motor Co. (Tex. Civ. App.) 280 S. W. 614.

The eighth assignment, with its proposition, is overruled, in which complaint is made of the action of the court in consolidating two cases between the two parties. It was at the instance of appellant that the consolidation took place and over the protest and objection of appellee.

The other assignments are reiterations of other assignments of error considered by this court, and all are overruled.

The judgment is affirmed.