## MAGOUIRK v. KLAS. (No. 3755.)

Court of Civil Appeals of Texas. Texarkana.
Jan. 2, 1930.

Rehearing Denied Jan. 9, 1930.

Cunningham & Lipscomb, of Bonham, for appellant.

Webb & Webb, of Sherman, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for personal injuries and damage as the result of a collision with a motorbus belonging to the appellant. The collision occurred at the intersection of Houston and Lincoln streets in the city of Sherman. The evidence shows that Houston street runs east and west, and Lincoln street runs north from the north line of Houston street. Appellee testified that on the day of the injury he was traveling east on the south side of Houston street, and that when he reached a point opposite the center of Lincoln street he turned north towards Lincoln street. He saw the bus as he made the turn, and estimated that it was about 200 feet east of the street intersection. At the time of the collision there was nothing to obstruct the view of the driver of the bus or to prevent the bus from going around him. It appears from the evidence that the driver of the bus also undertook to turn north at that place.

The case was submitted to a jury on special issues, and the following is, in substance, the findings made: (1) That, at the time the collision occurred the bus was traveling at a greater rate of speed than 20 miles per hour, and this was a proximate cause of the injury. (2) That the bus was not equipped with adequate brakes, and if it had been so equipped the injury could have been avoided. (3) That the bus was being driven at a dangerous rate of speed and in a reckless and careless manner; that this was negligence and a proximate cause of the injury. (4) That the plaintiff was not guilty of contributory negligence in the manner in which he operated his automobile; that he gave a signal before making the turn at the intersection of the streets. (5) That the plaintiff was east of the center of Lincoln street before making the turn. (6) That the collision was not the result of an accident. The jury assessed the damages to the appellee's car at $60, and to his person at $240. Upon those answers the court entered judgment in favor of the appellee for the sum of $300.

During the progress of the trial the appellant made a motion to dismiss the suit because of the failure of the appellee to comply with a former order of the court requiring him to give security for costs. It seems that at that stage of the proceedings it was discovered that no cost bond could be found among the papers. Both the clerk and his deputy testified that they had no knowledge of any such bond having been filed. The plaintiff testified that he had executed a bond in compliance with a former order of the court, and had delivered it to his attorney, Judge Wood, to be filed among the papers. The motion to dismiss was overruled, and the court appends this qualification to the bill of exceptions taken to that ruling: "The record in the case shows that the motion for cost bond was filed on September 26, 1926, by the defendant, and on October 4, 1926, said motion was by the court granted. Judge J.

H. Wood at that time represented the plaintiff in this cause. At a later date the case came on for trial, and the trial resulted in a hung jury. Thereafter Judge Wood died, and when the case came on for trial again the plaintiff was represented by Webb & Webb. After the testimony on the merits had been concluded a motion was made by defendant, to dismiss because of the failure of the plaintiff to file a cost bond. The evidence having been heard by the court on the motion, at the conclusion of the evidence attorney for plaintiff agreed to file a substitute bond with the same sureties who had signed the previous bond. The motion to dismiss was duly overruled, and plaintiff was instructed to file a substitute bond, and the same was filed and approved before the trial proceeded further." Since the plaintiff not only recovered a judgment in this case, but filed a bond as required by the court before the motion to dismiss was, acted upon, there was no error in overruling the motion. Paschal v. Harris Motor Co. (Tex. Civ. App.) 280 S. W. 614; Mo. Pac. Ry. Co. v. Richmond, 73 Tex. 572, 11 S. W. 555, 4 L. R. A. 280, 15 Am. St. Rep. 794; Bartlett v. Buckner (Tex. Civ. App.) 295 S. W. 214; Hays v. Cage, 2 Tex. 501; Cook v. Ross, 46 Tex. 263.

■■ The court refused to permit the appellant to introduce in evidence an ordinance of the city of Sherman making it "unlawful for any person driving or operating any automobile, motorcycle, motor vehicle or machine, to propel the same around any street corner within the corporate limits of the city at a greater rate of speed than four miles an hour." The ordinance was properly excluded because it was superseded by the statute regulating the rate of speed on public highways.

Subdivision K of article 801 of the Penal Code of 1925 provides: "The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course."

■ Appellant assigns as error the refusal of the court to submit the following special issue based upon that statutory requirement: "Could a person of ordinary prudence have seen, or did the plaintiff see, that the movement and operation of the defendant's vehicle would reasonably be affected by the turn from Houston Street to Lincoln Street undertaken by the plaintiff?" Appellee testified that before making the turn he held out his hand, indicating that he was intending to turn north; and the jury found that he gave the signal indicating that intention. There was no error in refusing to submit the issue requested.

The judgment will be affirmed.