## BUSBY v. BUSBY.
### No. 2447.

Court of Civil Appeals of Texas. Beaumont.
Nov. 7, 1933.

Rehearing Denied Nov. 8, 1933.

Pitts & Liles, of Conroe, for appellant.

Crawford & Crawford, of Conroe, for appellee.

WALKER, Chief Justice.

This was an action for divorce, filed in Montgomery county by appellee, Lucy Busby, against appellant, W. W. Busby, and for partition of certain property alleged to be community, with judgment for appellee for divorce and for partition of the property, as prayed for. The case is before us without statement of facts, except upon motion for new trial. By recitations in the judgment it appears that the case was tried in the absence of appellant and his attorneys, after answer was filed.

On the statement made, the court did not err in refusing to sustain appellant's special exception. A judgment nil dicit, as was the judgment in this case, constitutes a waiver of all defects in the petition, going merely to its form, and within the office of a special exception.

The petition was not subject to the general demurrer. Though there was no affirmative allegation that the marital relation between appellee and appellant was continuous from the date of their marriage, as alleged in the petition, to the date of the filing of this suit, the date of the marriage was duly alleged and there was a prayer for divorce. That the marriage was a continuous relation, from the date it was celebrated to the filing of the petition, is a reasonable intendment upon these allegations.

Appellee pleaded, in the terms of the statute, that she was a bona fide inhabitant of the state of Texas for twelve months, and a resident of Montgomery county for six months, next immediately preceding the filing of the petition; in connection with these allegations she pleaded specially that she was out of the county for a part of the time and pleaded a reasonable excuse for her absence. But her petition did not state how long she had been out of the county, nor does the record otherwise show. This special plea of temporary absence from Montgomery county during the six months immediately preceding the filing of the petition did not render it subject to general demurrer. Fox v. Fox (Tex. Civ. App.) 179 S. W. 883; Haymond v. Haymond, 74 Tex. 414, 12 S. W. 90; McLean v. Randell et al. (Tex. Civ. App.) 135 S. W. 1116, 1119; Snead v. Snead (Tex. Civ. App.) 27 S.W.(2d) 268; Snyder v. Snyder (Tex. Civ. App.) 279 S. W. 897; Hunt v. Hunt (Tex. Civ. App.) 196 S. W. 967.

The court did not err in trying the case in the absence of appellant and his attorneys. They knew of the setting, were in the courthouse on the morning the case was tried for the purpose of seeing the judge and asking for a postponement, but because of urgent business in another county left without making any disposition of this case, and knowing that appellee was going to insist upon a trial.

After announcing ready for trial, appellee filed a trial amendment giving a more particular description of the property in controversy, and pleading again that it was community property. Appellant was not injured by this trial amendment, since the trial petition to which he had duly filed his answer pleaded, in a general way, these same issues.

At the time appellee announced ready for trial there was on file in this case appellant's motion ruling appellee for costs. Though this motion was called to the attention of the court before judgment was rendered, the trial court duly entered judgment without requiring appellee to file a cost bond or the statutory affidavit of her inability to pay the costs; and she made no effort to file the bond or to make the statutory affidavit of inability to pay costs. Since judgment was rendered in her favor against appellant for all costs, this ruling of the lower court does not constitute reversible error. Gipson v. Williams (Tex. Civ. App.) 27 S. W. 824; Paschal v. Harris Motor Co. (Tex. Civ. App.) 280 S. W. 614; Yoakum v. Mettasch (Tex. Civ. App.) 26 S. W. 129; Gilmer v. Beauchamp, 40 Tex. Civ. App. 125, 87 S. W. 907; Morris v. Stanford (Tex. Civ. App.) 295 S. W. 347; Tips v. Barneburg (Tex. Civ. App.) 11 S.W.(2d) 187.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.