## D. P. SLAY v. W. A. MILTON.

(Case No. 5036.)

1. DISTRESS WARRANT — RECONVENTION — CUSTOM.— Plaintiff, a landlord, procured a distress warrant and levied on the ungathered crop of defendant, who was his tenant, in order to satisfy a claim for rent and supplies. He then gave the required bond, and had the property sold and the money paid into court. At the next term of the court he prayed for a foreclosure of his lien, judgment for his debt, and that the proceeds of the sale be applied to his judgment. Defendant answered that the debt was not due, and in reconvention claimed damages for the malicious suing out of the writ. *Held:*

(1) That article 3113, Revised Statutes, did not restrict the defendant to a suit on the bond, but he could claim damages in reconvention.

(2) That since the contract between the landlord and his tenant specified no date for the payment of the rent, it was not error to charge that a general custom among merchants in the same community, relating to transactions of the same kind, could not be held as absolutely fixing the time of payment, but only as a matter of evidence to be considered by the jury.

(3) That only when a distress warrant has been both *illegally* and *unjustly* sworn out can recovery be had upon the bond, and the same would probably be true in regard to a plea in reconvention. After a debt for rent or supplies is due, the suing out of a warrant is not illegal, and no matter how grossly unjust or ruinous to the tenant it may be, there is no remedy as the law now stands.

2. EVIDENCE.— See opinion for facts to be considered by the jury in estimating damages, and held sufficient to sustain the verdict.

APPEAL from Coryell.  Tried below before the Hon. T. L. Nugent.

On the 19th of October, 1882, appellant, as landlord of appellee, sued out a distress warrant against him before a justice of the peace of Coryell county.

Appellant claimed $625 for advances made to his tenant to enable him to make the crop, and also the rent of twenty-three acres of cotton and ten acres of corn, at one-fourth of the crop raised.

In these proceedings plaintiff gave the required bond and made affidavit therefor and procured the issuance of a distress warrant, which was, on October 20, 1882, levied on seventy acres of ungathered cotton and ten acres of ungathered corn and two bales of cotton found on the rented premises, all valued by the officer making the levy at $700.  Plaintiff Slay applied to the district judge for an order for the sale of the property seized, and gave bond on such application and procured an order for the sale of the property, and on December 7, 1882, the property was sold to plaintiff Slay for $378.08 and said sum brought into the registry of the court.

At the ensuing term of the district court of Coryell county, plaintiff filed his petition, which was subsequently, on, to wit, June 18, 1883, amended, in which he set up the existence of the relation of landlord and tenant between himself and defendant for the year 1882; that he leased to defendant for the year eighty-six acres of land in precinct No. 2, of Coryell county; of which eighty-six acres of leased land defendant agreed to cultivate twenty-three acres in cotton and ten acres in corn, and pay as rent one-fourth of the cotton and one-third of the corn raised thereon; that on the twenty-three acres of cotton land defendant raised four thousand pounds of lint cotton, worth eight cents per pound, the rent of which coming to plaintiff was $80; that on the ten acres of corn land defendant raised one hundred and fifty bushels of corn worth forty cents per bushel, the rent of which coming to plaintiff amounted to $20; and plaintiff alleged further, that he made to defendant, during the year 1882, advances in money, merchandise, provisions, etc., amounting to the sum of $625, all of which were alleged to have been necessary advances to defendant to enable him to make, gather, secure, house and prepare for market the crop raised on such leased premises.  Plaintiff also set up in his pleadings the fact of suing out the distress warrant, making oath and giving bond therefor, and levy thereof, and sale of property seized thereunder, and the fact of proceeds of such sale being then in the registry of the court, and averring that he also, in addition to the lien existing in his favor by operation of law, had held and acquired a lien by virtue of these

distraint proceedings, and prayed for a foreclosure of his liens, for judgment for his debts, and that the proceeds of sale of the property in the registry of the court be applied to his judgment.

Defendant pleaded:

1. General demurrer.

2. The general issue.

3. A special answer in the nature of a plea in reconvention, or counter-claim, in which he set up that he was, on October 19, 1882, in the peaceable possession of ten acres of corn standing in the field, of the reasonable value of $240, and in the possession of seventy-three acres of cotton, then standing in the field, which had produced one bale of cotton to the acre, of the weight of five hundred pounds and of the aggregate value of $3,650; that plaintiff did on October 19, 1882, unlawfully and without any just cause or excuse, and with the intent to vex, injure, ill-treat, harass and ruin defendant, make affidavit to obtain a distress warrant, and did therein swear that certain rents and advances claimed by him, plaintiff, from defendant were then due, when in truth no rents or advances were then due, all of which plaintiff then knew; and that plaintiff, by virtue of a pretended distress warrant, on that day, by force, unlawfully, wrongfully and without the consent of defendant, took into his possession all of the corn and cotton, and converted the same to his own use and benefit, to defendant's damage in the sum of $4,000. Defendant further averred that plaintiff obtained the pretended distress warrant without any probable cause and without any reasonable excuse or justification whatever, and solely for the purpose of vexing, injuring, harassing and ruining defendant, and that by reason of the wrongful, malicious and oppressive acts of plaintiff, defendant was further damaged in the sum of $2,000. For which above damages defendant prayed judgment against plaintiff.

Plaintiff, by way of replication to defendant's answer, pleaded:

1. General exception.

2. Special exception setting up that, in a suit under the statute by a landlord against a tenant, it is not competent for defendant to set up damages for suing out distress warrants; that such damages could only be set up and determined in a separate suit after a final determination of original suit.

The above special exceptions were overruled and a bill taken thereto. There was a verdict "for defendant for $831.14 actual damages, after deducting the claims of plaintiff for rent and advances."

Among the assignments of error were the following:

3d. Objects to the following clause in the charge:

" General custom among merchants in the same community, relating to transactions of the same kind, while proper to be considered in arriving at a conclusion as to such time of payment, is not in itself to be regarded as binding on the plaintiff; that is to say, such custom is not to be held as absolutely fixing the time of payment, but only as a matter of evidence to be considered by you in passing upon this issue."

*Clark & Dyer*, for appellant, on the debt being due, cited: Dewees *v.* Lockhart, 1 Tex., 537; McKinney *v.* Fort, 10 Tex., 220; Meaher *v.* Lufkin, 26 Tex., 383.

On the charge in regard to custom, they cited: Dodd *v.* Arnold, 28 Tex., 100; Andrew *v.* Smithwick, 20 Tex., 118; H. & T. C. R. Co. *v.* Terry, 42 Tex., 455; Earle *v.* Thomas, 14 Tex., 592; Altgelt *v.* Brister, 57 Tex., 432.

On the right to plead in reconvention, they cited: R. S., art. 3113.

*Vardiman & Atkinson*, for appellee, on the debt being due, cited: Mills *v.* Johnston, 23 Tex., 326; Neill *v.* Billingsley, 49 Tex., 161; Clark *v.* Baker, 49 Am. Dec., 199; Kendall *v.* Russell, 30 Am. Dec., 696.

On the charge in regard to custom, they cited: Able *v.* Lee, 6 Tex., 427; Robinson *v.* Varnell, 16 Tex., 382; Mercer *v.* Hall, 2 Tex., 284; Vaughn *v.* State, 21 Tex., 752.

On the right to plead in reconvention, they cited: R. S., art. 650; Brady *v.* Price, 19 Tex., 285; Walcott *v.* Hendrick, 6 Tex., 406; Osborn *v.* Schiffer, 37 Tex., 434.

DELANY, J. COM. APP.— When the defendant brought forward his plea in reconvention, claiming damages for the wrongful issuance of the distress warrant, the plaintiff excepted to it on the ground that such a plea was inadmissible in this action. He insisted below, and he contends in this court, that the defendant's sole remedy for damages was upon the land, and that he could not be heard upon that until after the termination of the present suit. And he refers us to article 3113, R. S., which, after providing for the bond to be given by the plaintiff in the case, concludes with these words: " Which bond shall be filed among the papers of the cause, and in

case the suit shall be finally decided in favor of the defendant, he may bring suit against the plaintiff and his sureties on such bond, and shall recover such damages as may be awarded to him by the proper tribunal." We cannot concur in the views of this statute expressed by appellant, and in our opinion the court did not err in overruling the exception.

One of the vital questions to be determined in the case was, when the defendant's account with the plaintiff became due. The plaintiff insisted that it became due on October 1st, while the defendant asserted that it was not due until the 1st of the following January.

There was nothing in the contract to determine when the account was to be paid; and evidence was introduced to show the custom of the merchants and people of the neighborhood in this respect. No objection was made to the evidence, but the appellant, in his third assignment of error, objects to a portion of the charge upon this subject. Taking the charge upon this part of the case as a whole, it was favorable for the plaintiff. We see nothing in it likely to have misled the jury. It is evident that the jury did not concur in the plaintiff's claim as to the date of the maturity of the account. We are not surprised that they did not. And it is worth while to consider what might have been the consequences to the defendant if the plaintiff's theory of the case had been maintained. Part of the account was for rent, and the rent was, by the plaintiff's own statement of the case, payable in kind. It could not, therefore, be paid until the crop was gathered. That part of the account which consisted of advances must needs be paid out of the crop; for the tenant had no other means of payment. It could not, therefore, be paid until the crop was gathered, and, of course, could not have been paid by the 1st of October.

Let us suppose, then, that the defendant had made an express agreement with the plaintiff that the rents and advances should be payable on the 1st day of October. Of course he could not have complied with his contract; for on that day his corn and cotton were still in the field ungathered. On the next day the plaintiff might lawfully have seized his entire crop. For the statute (R. S., art. 3112) provides that, " when any rent or advances shall become due, or the tenant shall be about to move from such leased or rented premises, or to remove his property from such premises," in either one of these events the landlord may apply to a justice of the peace for a warrant and seize the crop. What is the tenant's remedy? The plaintiff in this case assures us that the sole remedy is upon the bond which the landlord must execute in order to procure the

writ.  Let us notice the conditions of the bond.  It will be found in article 3113, R. S., and is in these words: " Conditioned that the plaintiff will pay the defendant such damages as he may sustain in case such warrant has been illegally *and* unjustly sued out."

It has been held that these two words " illegally " and " unjustly " do not mean the same thing, and that they must both be found in the bond or the warrant will be quashed.  Riggins *v.* Ford, Austin term, 1882, 1 Law Rep., p. 354.  It is therefore only when the warrant has been both illegally and unjustly sued out that the defendant can recover upon the bond.  Flewellen *v.* Pace, 2 Law Rev., 363.  And the ruling would probably be the same upon his plea in reconvention.  But if the account be due, the suing out would not be illegal; and no matter how grossly unjust it might be, or how utterly ruinous to the tenant, he would be without remedy as the law now stands.

It will not probably be thought out of place, therefore, if we should suggest the propriety of a change in the phraseology of the statute.  Certainly nothing should justify the resort to this stringent remedy by the landlord except the necessity of protecting himself against the improper conduct of the tenant.

We will consider only one more question, which is, whether the damages were excessive.  It must be admitted that they were liberal — so much so as to awaken the closest scrutiny into the facts of the case.  The verdict was for actual damages, which must have relation to the value of the property taken.  The estimates of the different witnesses differed widely as to the value of the crop; but they all agreed that it would take nearly half the cotton, in value, to prepare it for the market.  Estimated in this way, we hardly think that the value comes up to the award made to the defendant.

But there is one view of the case which the jury, no doubt, considered; and that is, that the defendant had a very large family, almost all of whom were cotton pickers.  Using, therefore, the labor of his own household, he could gather his crop with but slight expense, and thus realize well nigh its full value.  Of this advantage he was deprived by the action of the plaintiff.  Viewed in this light, the verdict does not seem so excessive.  There is also another feature of this case which could hardly be overlooked by either court or jury.  Throughout the entire record there is no evidence of any necessity for the issuance of the distress warrant.  There seems to have been no probability that the defendant would fail to pay.  He had shown no inclination to avoid payment.

In fact the only motive for the issuance of the warrant which is

suggested in the record (and it is not denied) was that the defendant had ceased to trade with the plaintiff, who was a merchant, and had transferred his business to another house.

Thus the proceeding appeared like a cold and cruel exercise by the plaintiff of what he perhaps thought a legal right, regardless of the loss and ruin which he was inflicting upon the defendant. In such a state of facts the jury probably thought (and the courts are strongly inclined to the same opinion) that, " for losses and trouble of these descriptions, the . . . defendant should be liberally remunerated." Drake on Attach., sec. 175. Appellee concedes to appellant the sum of money for which the property was sold under the order of the judge.

Without further discussion, we conclude that the judgment should be affirmed.

Affirmed.

[Opinion adopted June 24, 1884.]