MATHEW W. DU BOIS V. FRANCIS AND JOHN ROONEY.

No. 7120.

1. **Written Contract not Varied by Parol.**—Parties in writing contracted that Du Bois "doth covenant and agree to and with the said Francis and John Rooney that he will pay the sum of $8.50 per head for the following cattle (giving brands), amounting to about 1000 head, first delivery to be about March 15, and last delivery to be not later than August 1." *Held,* inadmissible to show a parol understanding that there should be sixty head of beeves delivered. This would vary the written contract.

2.   Reconvention—Case in Judgment.—Rooney & Rooney contracted in writing with Du Bois for sale of certain tracts of land and 1000 head of cattle at stipulated prices.  Of the lands, one tract as alleged in the answer was represented and pointed out by the vendors as valuable for water.  The title to this failed.  In an action by the vendors upon the contract for balance due on the cattle Du Bois could reconvene and set up the misrepresentations touching the tract of land and damages therefrom.  The matter so pleaded grew out of the contract sued upon.

APPEAL from Brewster.   Tried below before Hon. WINCHESTER KELSO.

The opinion states the case.

*J. M. Dean* and *M. T. Brown,* for appellant.—1. The action of the court in sustaining plaintiffs' demurrer to the pleas in reconvention and offset of defendant was clearly erroneous.   The counter-claims pleaded by defendant unquestionably arose directly out of the plaintiffs' cause of action, all of the matters pleaded being a part of the original transaction out of which the plaintiffs' cause of action arose. Rev. Stats., art. 650; Scalf v. Tompkins, 61 Texas, 476; Lee v. Wilkins,1 Posey's U. C., 287; Goodhue v. Meyers, 58 Texas, 405.

2. The contract entered into between plaintiffs and defendant on the 30th day of January, 1888, was vague, indefinite, and ambiguous, because it did not specify the kind, class, or quality of cattle which appellees were to deliver, and it was error for the court not to admit verbal testimony tending to show what the intention of the parties was at the time of making the contract, as to the kind of cattle to be delivered.   Alstin v. Cundiff, 52 Texas, 453.

*Walter Gillis* and *Clark & Old,* for appellees.—The court did not err in sustaining appellees' exception to appellant's plea of failure of title, or in excluding testimony in support thereof, because said pleading shows that he received a warranty deed for 330 acres of land instead of that he should have received, and does not offer to reconvey or have said deed cancelled, and does not allege its value, or that it was of less value than that he should have received, or that his possession had been disturbed.   Walling v. Kinnard, 10 Texas, 508.

FISHER, JUDGE, *Section B.* — Appellees brought this suit against appellant to recover balance due on a contract in writing, wherein appellees agreed to sell and deliver to appellant about 1000 head of cattle in certain brands, to be delivered in March, 1888, and not later than August of that year.   Appellant agreed to pay for said cattle at the rate of $8.50 per head.   Appellees allege a delivery to appellant of 1021 head of cattle, and that appellant has only paid for said cattle the sum of $4190.50, leaving a balance due of $4682.48, for which amount appellees ask judgment against appellant.

The appellant answered by general denial and demurrer, and by plea in reconvention alleging in substance that a part of the written contract sued upon by appellees was for the sale of certain tracts of land by appellees to appellant, situated in Brewster County, among which was a certain survey known as the Leoncita, of 320 acres; that appellant particularly desired to obtain said survey, because he was engaged in raising stock, and on account of the water on said survey; that appellees pointed out to appellant a certain survey that they represented to be the Leoncita survey, and they at the time represented that it had upon it water, ·and that the survey was valuable for its water, and that they owned it; and that relying upon the truth of these representations appellant was induced to purchase the land and to pay therefor a large sum of money to appellees, to-wit, the sum of $3500, and believing said representations he received from appellees a warranty deed to said land. .The plea alleges that the representations of appellees with reference to the location and quality of the land were fraudulent and false; that the survey as pointed out to appellant can not be identified by the field notes, and that the land conveyed by the deed as the Leoncita survey is not the land so pointed out.

The plea further alleges that at the time of making the written contract it was verbally agreed between appellant and appellees that appellees should deliver to appellant as a part of the cattle so purchased sixty head of four year old ·beef steers; that said beef steers were of the value of $25 per head, and that by reason of the agreement with reference to the beef steers he was induced to execute the contract to purchase the 1000 head of cattle at $8.50 per head, by reason of appellees agreeing to put in the beef steers at the same price; that appellees failed to deliver the beef steers, but without his consent they cut out of the cattle so being delivered the beef steers, and substituted therefor inferior cows of value about $6 per head. The plea asks for judgment against appellees for the amount paid them for the Leoncita survey as damages for the fraud perpetrated, and asks for judgment in the sum of $1020, the value of the beef steers.

Appellees presented demurrers to these pleas questioning their sufficiency, for the reasons: 1. That a failure of title to said lands under a warranty deed would be no defense to this action, the same having long since been fully executed. 2. It is not shown that appellant has been dispossessed of the lands or in any way molested in his possession and enjoyment, or that any adverse claim has been made to the land. 3. That part of the answer that sets up the verbal contract with ·reference to the steers varies the written contract.

These exceptions to the answer were sustained. The appellant then filed a trial amendment with reference to the verbal contract concerning the beeves as substantially alleged in the amended answer. The case below was tried before a jury, and resulted in a verdict and judg-

ment in appellees' favor for the balance unpaid on said cattle with interest. It appears by reference to the bills of exception that objections to evidence were sustained offered for the purpose of making proof under the answer concerning the representations of appellees with reference to the Leoncita survey and its condition.

Evidence was offered by appellant and admitted, it seems without objection, in proof of the parol understanding concerning the beeves, and as far as the proof went on this issue as made by appellant it tends to establish the existence of such agreement and its violation by appellees. The court below instructed the jury to return a verdict for the plaintiffs. The complaint is here made that in this respect the court erred, because there was evidence before the jury tending to prove the issues raised by the trial amendment asserting the verbal contract concerning the beeves. The court evidently considered that although the trial amendment was not met by a demurrer the question had been practically passed upon when the demurrer was sustained to the amended answer that substantially set up in the same terms the verbal contract as alleged in the trial amendment, and that notwithstanding the evidence was before the jury in proof of the verbal agreement it could not properly be considered by them, because it tended to vary and explain by parol evidence the terms of the written contract. The contract upon which the plaintiffs base their cause of action conveys to appellant the Leoncita survey with other surveys, and also about 1000 head of cattle in certain specified brands, to be delivered to appellant and paid for by him at $8.50 per head. The contract is silent as to the kind and classes of cattle sold and to be delivered.

We do not think under the pleadings the parol evidence concerning the beeves was admissible, and consequently the court did not err in refusing to submit to the jury any issue raised by the evidence in this respect. If the contract can be construed as conveying all the cattle in certain brands, then parol evidence may be permitted to show what cattle are in these brands; or if the contract is to be construed as a sale of stock cattle it is permissible to prove what cattle comes within this designation. In order to introduce evidence of either of these issues the pleadings must be so framed as to present them. The written contract being silent as to the age and sex of the cattle to be delivered, a parol agreement that beeves were sold is the proof of conditions that increases the contractual obligations of the party that agrees to sell. If it is permissible to prove by the parol agreement that sixty beeves were included in the contract, it would be equally permissible to prove that the entire 1000 should be beeves.

The only other question that we will consider is the action of the court in sustaining the demurrer to the answer setting up the alleged fraudulent and false representations made by appellees concerning the situation and condition of the Leoncita survey. By reference to the

contract sued upon by the plaintiffs, it will be seen that the purchase and sale of the Leoncita survey was agreed to in that instrument, and that the contract for the purchase of the cattle and of the survey arose out of this one transaction. After this contract was executed the deed with general covenants of warranty to the survey was executed. The defendant's cause of action as set up in his answer is in no sense an action to recover for a breach of the covenants of warranty, nor can it be regarded as an equitable action seeking a cancellation and rescission of the contract. The rules that govern the settlement of the rights of the parties in actions for breach of the covenants of warranty and in equitable actions in which equitable relief is asked will not govern and apply in this case. This case throughout as treated by the pleadings of both plaintiffs and the defendant presents only legal issues and is strictly the assertion of legal rights. The case made by the answer is one of deceit, in which the defendant seeks to hold the plaintiffs liable for the effects of the false representations and the fraud practiced upon him in the sale of the land. Grabenheimer v. Blum, 63 Texas, 374, 378; 2 Pome. Eq., secs. 872, 897, and note; Brock v. Southwick, 10 Texas, 68; Walling v. Kinnard, 10 Texas, 512; Wheeler v. Boyd, 69 Texas, 298. If we treat the averments of the answer as speaking the truth, it presents a case in which the defendant by reason of representations made by the plaintiffs about a subject matter of the contract that was of such importance, was induced to enter into it. The effect of these representations if true were certainly calculated to induce the defendant to execute the contract and purchase of the Leoncita survey; and when he ascertained they were false his right of action arose in damages for the results of plaintiffs' fraud. Pendarvis v. Gray, 41 Texas, 326; Culbertson v. Blanchard, 79 Texas, 486, and cases there cited; Wheeler v. Boyd, 69 Texas, 299.

The amount of damages sustained by reason of the false representations as to the quantity, quality, and condition of the land in actions like this is limited strictly to compensation for the natural and proximate results of the deceit. Wheeler v. Boyd, 69 Texas, 297.

The defendant's cause of action as pleaded in his plea of reconvention grew out of the transaction embraced in the contract sued upon by the plaintiffs. Such being the case his plea presented matters that could properly be considered in defense of plaintiffs' demand. Scalf v. Tompkins, 61 Texas, 477. The court erred in sustaining the demurrers to so much of appellant's first amended original answer as pleads the cause of action growing out of the sale of the Leoncita survey.

So holding, we report the case for reversal.

*Reversed and remanded.*