This suit was instituted by appellee to recover certain land from appellants. The cause was tried by the court, and judgment rendered in favor of appellee. The only question involved is as to the proper location of the east boundary line of the R. Christmas survey, appellee claiming that it is about 405 varas east of the location given to it by appellants. In March, 1872, a patent was granted by the state to the R. Christmas tract of land, described as follows: "Beginning at the S.W. corner of Abner S. McDonald survey of 1/3 league, and at a corner of the Jacob Lyday survey, from which a hickory marked `ASM' bears S. 4 varas, a R. O. mkd. `XX' brs. N. 7 varas; thence S. 200 varas, with J. Lyday's S.E. line, to his corner, a post, from which a B. D. mkd. `WTX' brs. S., 28 degrees W., 4 varas, a slippery elm mkd. `X' bears N., 70 degrees E., 1 vrs.; thence east 1,028 varas, to the N.E. corner of the Lyday survey, a hickory, `JL,' from which a hickory mkd. `XX' bears S., 4 W., 4 varas; thence S. 167 varas, a stake, Isaiah Davis' N.W. corner, from which an ash mkd. `IDX' bears N., 83 degrees E., 6 varas, a hickory mkd. `XX' bears N., 2 W., 7 varas; thence east 1,895 varas, on Davis' N. line, a stake, K. L Tudor's S.W. corner, from which an ash mkd. `ID' bears N., 83 W., 5 varas, a hickory mkd. `XX' bears N., 36 degrees W., 5 varas; thence N., 367 varas, with Tudor's W. line, to a stake, the S.E. corner of said McDonald survey, from which a P. O. mkd. `ASM' bears S., 84 degrees W., 4 varas; thence W. 2,923 varas, to the beginning." The following plat will give a clear conception of the subject of controversy. *Page 156 
[EDITORS' NOTE: LYDAY SURVEY IS ELECTRONICALLY NON-TRANSFERRABLE.]
In 1898 appellants obtained a patent to 80 acres of land lying between the McDonald and Christmas surveys and the Tudor survey, and the south half of that land is in controversy, the issue being as to whether the land was a part of the Christmas survey. The uncontroverted evidence establishes the location of the southeast corner of the McDonald survey, which is called for in the field notes of the Christmas survey, at a point about 405 varas west of the K. L. Tudor west line, which is also called for in the field notes. The north line of the Christmas survey is well marked and established as far as the McDonald southeast corner, but there is nothing that indicates that a line was continued east of the McDonald corner. On the other hand, it was clearly established that it was generally accepted at the time of the survey of the Christmas tract that the Tudor west line was identical with the east line of the McDonald tract, and, after the land was patented to the assignee of Christmas, Tudor exercised control over the land in controversy, and it was not until after his death that it was discovered that the Tudor west line was 405 varas further east than had been supposed. The call for distance of the north line of the Christmas survey does not even reach the southeast corner of the McDonald survey, and fails to reach the true west line of the Tudor tract by over 400 varas. The line from the northeast corner of the McDonald survey to the I. Davis survey is well marked. The marks testified to by the witness along all the lines of the Christmas survey, and at the McDonald southeast corner, would tend to prove that the original surveyor of the tract went upon the ground, and actually surveyed the lines, and marked them as called for in the patent, and, if there had been no proof on the subject, the presumption must be indulged that an actual survey was made. Maddox v. Fenner, 79 Tex. 291, 15 S.W. 237; Gerald v. Freeman, 68 Tex. 204, 4 S.W. 256; Smith v. Boone, 84 Tex. 528,19 S.W. 702.
The object in the application of the calls of a survey is to discover the footsteps of the surveyor, and, when they are found and identified, all classes of calls must yield to them. Stafford v. King, 30 Tex. 257; Fulton v. Frandolig, 63 Tex. 330; Ayers v. Lancaster, 64 Tex. 312.
Appellee sought by his suit to extend the Christmas survey beyond its calls for course and distance, and the burden rested on him to show that the surveyor made the north and south lines go over 400 varas further than the southeast corner of the McDonald survey. Phillips v. Ayres,45 Tex. 601; Williams v. Winslow, 84 Tex. 371, 19 S.W. 513. In proof of the fact that the land was *Page 157 
included in the Christmas survey, nothing is depended upon except a call for the west line of the Tudor survey, and it is urged that the well-marked corners on the McDonald and Davis surveys, and the well-marked line of the Christmas survey, and the acts of the parties concerned in recognition of those corners and lines, must be set aside, and the calls for distance extended 400 varas, in deference to a call for the line of an older survey. We are of the opinion, however, that there is no rule of law sanctioning such action, where all the facts tend to show that there was no intention upon the part of the surveyor to include the land in controversy in the survey. He placed the lines and corners where he wished them, his only mistake being in the call for the west line of the Tudor survey.
The marks on the line running north from the Davis line to the southeast corner of the McDonald tract were shown to be not quite as old as those on the surrounding older surveys, but there is no testimony, as stated by appellee in his brief, that the marks on that line did not appear to be as old as the marks on the other lines of the Christmas survey. There is no fact upon which to base a presumption that the line between the Davis survey and the southeast corner of the McDonald survey was not run by the original surveyor of the Christmas survey, nor, as contended by appellee, that it was made by the patentee of the land some time after the original survey. The call for the well-established corner of an older survey is of equal dignity with a call for the established line of another survey, and, in a case where the plaintiff shows no ground for a recovery except a conflict in the two calls, we do not think he is entitled to recover; and when the testimony goes further, and strongly tends to establish the footsteps of the original surveyor at corners and along lines antagonistic to the call for the boundary line of the old survey, there can be no doubt that the defendants should recover. Because the evidence fails to sustain the judgment of the district court, it is reversed, and judgment is here rendered in favor of appellants.
 *Page 487