### FRY v. BARRON.   (No. 401.)

Court of Civil Appeals of Texas. Eastland.
Feb. 10, 1928.

**1. Evidence ⟺441(3)—Testimony of oral agreement that vendor's lien notes assigned should have priority over notes retained by assignor held not to vary written assignment.**

Testimony that, contemporaneously with execution of written assignment of vendor's lien notes, assignor orally agreed with assignee that notes assigned should have priority over notes retained by assignor, *held* not to vary or contradict language of written assignment.

**2. Frauds, statute of ⟺63(5)—Vendor's lien is not such interest in land as requires assignment, or agreement for priority of vendor's lien notes, to be in writing.**

A vendor's lien retained in a deed and in notes described in the deed is not such an interest in land as requires the assignment thereof, or agreement giving priority to one or more of the notes, to be in writing to meet requirements of statute of frauds.

**3. Appeal and error ⟺931(3)—In absence of findings and conclusions appellate court must presume that fact issue was determined in favor of appellee.**

In support of judgment after trial before the court without a jury, appellate court must presume that issue of fact was determined in favor of appellee, in absence of findings of fact or conclusions of law in record, notwithstanding appellant's denial thereof.

**4. Pleading ⟺403(2)—Petition and cross-petition held to put in issue priority of vendor's lien notes to support judgment for plaintiff.**

Where petition alleged generally the priority of plaintiff's vendor's lien notes over those retained by defendant, his assignor, without any special exception being interposed by defendant on that account, and defendant filed cross-action

in which he pleaded in detail transactions involved, and that there was no agreement that notes assigned should have priority, to which cross-action plaintiff entered general denial, pleadings taken together sufficiently put in issue the question of priority to support judgment for plaintiff.

Appeal from District Court, Dawson County; Gordon B. McGuire, Judge.

Action by W. J. Barron against J. B. Fry. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 299 S. W. 230.

Carl Roundtree, of Lamesa, for appellant.
Garland & Yonge and C. P. Rogers, all of Lamesa, for appellee.

HICKMAN, C. J. Appellant, being the owner of a series of vendor's lien notes, transferred and assigned a portion of the notes to appellee, retaining those not so assigned. The assigned notes were not indorsed by appellant, but a written transfer and assignment thereof was executed and duly acknowledged, containing the following language:

"And I do hereby transfer and assign to said W. J. Barron all my right, title, interest, and claim in and to said land and hereby authorize the said W. J. Barron, his heirs and assigns, to release said vendor's lien on payment of said notes by duly executed release."

The learned trial judge held that the assigned notes were entitled to priority of payment over the ones retained by appellant and the only question presented on this appeal is a challenge of the correctness of that portion of the judgment of the trial court so decreeing.

[1] The case was tried before the court without the aid of a jury, and no findings of fact or conclusions of law appear in the record. The testimony of appellee would support a finding of fact by the trial judge that, contemporaneously with the execution of the written assignment, an oral agreement was made between appellant and appellee that the assigned notes should have priority of payment over the ones retained by appellant. This agreement in no wise varies or contradicts the language of the written assignment. On this point appellee testified as follows:

"Then when Mr. Fry went up there I asked Mr. Fry to indorse these notes. Mr. Shaw spoke up, and said: 'No; there isn't any use.' Your notes is superior to his.' Mr. Fry said, 'They have got to be paid before mine is.' I said, 'I would like an indorsement on this.' Mr. Fry and Mr. Shaw said no; there wasn't any use; 'your notes have got to be paid first.'"

[2] A vendor's lien retained in a deed and in notes described in the deed is not regarded as such an interest in land as that the as-

signment thereof or an agreement giving priority to one or more of the notes must be in writing to meet the requirements of the statute of frauds. 27 R. C. L. p. 584, par. 329; First State Bank of Windom v. McElwrath (Tex. Civ. App.) 266 S. W. 837.

[3] In support of the judgment of the trial court we must presume that this issue of fact was determined in favor of appellee, notwithstanding the denial thereof by the other party to the suit. We therefore conclude that we would not be authorized to disturb the judgment of the trial court in awarding priority of payment to the assigned notes. This holding renders unnecessary a decision on the question presented in the briefs as to whether a priority arose by virtue of the language of the assignment itself in the absence of an indorsement.

[4] It is urged that the pleadings do not support the finding that the assigned notes were made a prior lien by the contemporaneous oral agreement. The original petition of appellee, who was plaintiff below, was general in its allegations as to priority, but no special exception was interposed by appellant on that account. A cross-action was filed by appellant, in which he pleaded in detail the transactions leading up to the transfer of the notes to appellee, and expressly pleaded that there was no agreement between the parties whereby the assigned notes should have priority over the ones retained. To this cross-action appellee entered a general denial.

We think these pleadings, taken together, sufficiently put in issue the question of priority to support the judgment rendered thereon. Finding no reversible error in the record, we conclude that the judgment of the trial court should be affirmed, and it is so ordered.