MUMME et ux. v. SPIES.   (No. 8177.)

Court of Civil Appeals of Texas.   San Antonio. March 13, 1929.

Lloyd & Lloyd, of Alice, for appellants.

E. T. Simmang, Jr., of Corpus Christi, for appellee.

FLY, C. J. This suit originated in the justice court, where L. W. Mumme and wife sought a distress warrant to recover money in the sum of $259.79, alleged to be due for provisions and advances made to A. J. Spies as their tenant on 50 acres of land to enable him to make a crop. The warrant was executed by the seizure of seven stacks of cane hay and 25 bushels of corn in the ear. The writ was made returnable to the county court, where appellants sought a judgment for their debt and foreclosure of their landlord's lien. It was alleged that since the suit appellee had been adjudged a bankrupt in the Federal District Court. Appellee filed an answer, made the officer who levied the distress warrant and the sureties on the bond for the distress warrant parties to the suit, and filed a cross-action for $50 that he alleged appellants owed him, and $900 damages for obtaining the distress warrant and levying it on his property. Appellants Mumme and wife sought by a plea of privilege to have the cross-action transferred to Jim Wells county, which was granted. The cause was submitted to a jury on special issues, and judgment rendered on the verdict for the sum sued for by appellants, and that the balance of the value of the property of appellee seized and replevied by appellants be paid to appellee. The constable and sureties were given a judgment for costs against appellee. Afterwards the sureties were given a transfer to Jim Wells county.

█ A plea in reconvention is a cross-action by a defendant, and must have grown out of, or in some way be incidental to, the main action. A liquidated claim may be pleaded against an unliquidated and vice versa. The law is not rigid in regard to the claim in reconvention, the only essential requisite being that it must grow out of, be connected with, or incident to the main action. Scalf v. Tompkins, 61 Tex. 477; Du Bois v. Rooney, 82 Tex. 173, 17 S. W. 528. It is clear in the case now being considered that the claim of appellee was connected with and grew out of the claim of appellants. Slay v. Milton, 64 Tex. 421.

The distress warrant was applied for by Mumme and wife in precinct No. 2, Nueces county, where the premises were situated, for the cultivation of which the supplies were furnished to appellee. Mumme and wife were residents of Jim Wells county, but they instituted the suit in Nueces county, the only county that had jurisdiction of the subject-matter of the suit. The distress warrant was applied for to the justice of the peace of precinct No. 2, where the tenant lived and the land was situated, and, the amount sued for being over $200, the justice of the peace made the writ returnable to the county court, which had jurisdiction of the subject-matter. Rev. Stats. art. 5229. The appellee herein filed an answer setting up a plea in reconvention or offset to the claim of appellants Mumme and wife, and the latter then filed a plea of privilege to have the plea in reconvention or cross-action of Spies transferred, and the court promptly transferred the cross-action to Jim Wells county, but retained the main action in this court. The transfer of the cross-action to another county did not seem to have any effect, however, on the manner of trying the case in Nueces county, for the matter of offsetting the $300 pleaded by Spies, and the damages arising from the levy of the distress warrant, was submitted to a jury, and they found that the contract had been made with Spies in regard to the $300 claimed by him in his cross-action, and the settlement between the parties in relation thereto, and also submitted to the jury the reasonable market value of the hay and corn seized by virtue of the distress warrant.

██ When Mumme and wife sued in Nueces county they submitted to the jurisdiction of the county court as to all matters growing directly out of the debt sued for by them, and for which the distress warrant was issued out. Spies had the right to have everything legitimately growing out of the suit settled in that suit, and, while the counties of Jim Wells and Nueces are not far distant from each other, suppose some one in El Paso or Dalhart should sue a citizen in Nueces county and the plaintiff should demand that the whole matter should not be settled in one suit, but the citizen of Nueces county, who dared to set up a counterclaim to plaintiff's action, must be dragged hundreds of miles from his home to have his rights obtained and wrongs redressed. Not only was there a transfer of the cross-action to Jim Wells county, as to Mumme and wife, but after the case had been tried the court then transferred the case as to the sureties on the bond for distress to Jim Wells, and the constable who levied the writ is quite disturbed because his part of

the case was not sent to Jim Wells county, although the judgment on the main case was in his favor. No one complains of the cross-action being transferred, but it is fundamental error which should be corrected so as to not establish a precedent for such procedure.

In the cases of Andrews v. Whitehead (Tex. Civ. App.) 60 S. W. 800, and Jesse French Piano Co. v. Williams (Tex. Civ. App.) 102 S. W. 948, it was held that when a plaintiff institutes a suit in a court in another state or another county, that court had jurisdiction of cross-actions growing out of the subject-matter. This is the rule in this state and is founded on common sense and reason.

We think it clear that appellee was demanding in his cross-action a sum at least $200 in excess of the jurisdiction of the county court, and the court, having no jurisdiction of the cross-action, had no power to make any order in regard to it, except to dismiss it for want of jurisdiction. Gimbel v. Gomprecht, 89 Tex. 497, 35 S. W. 470; Cain v. Culbreath (Tex. Civ. App.) 35 S. W. 809; Morgan v. Mowles (Tex. Civ. App.) 61 S. W. 155. The order transferring the plea in offset to Jim Wells county was null and void, not only because it pleaded a sum in excess of the jurisdiction of the court, but because the court had no power or authority to try the plaintiffs' case in Nueces county and compel the trial of the claims of the defense in Jim Wells county. If he, in good faith, amends his cross-action, he should be permitted to do so in order to bring it within the jurisdiction of the county court.

Mumme and wife and Spies are all responsible for errors, and the judgment will be reversed and the cause remanded, and costs divided equally between them.