## FIRST NAT. BANK OF KNOX CITY v. BOYD et al.
### No. 1310.

Court of Civil Appeals of Texas. Eastland.
Sept. 21, 1934.

Rehearing Denied Nov. 2, 1934.

D. J. Brookreson, of Benjamin, for appellant.

E. S. Cummings and Davidson, Doss & McMahon, all of Abilene, for appellees.

FUNDERBURK, Justice.

Wm. E. Boyd and others, the appellees herein, brought this suit against J. W. Ward and the First National Bank of Knox City, Tex., to recover judgment upon certain promissory vendor's lien notes, and to foreclose the vendor's lien. The petition alleged that the notes in question were executed by J. W. Ward, payable to the order of Ida Longley. The petition, it may be assumed, was sufficient to state a cause of action against Ward, and to warrant a foreclosure of the lien against all defendants. The only allegations with reference to defendant First National Bank were that the notes had, by instruments of writing, been transferred to said bank, and that it had transferred and delivered same by its instrument of writing to R. P. Boyd. There was no allegation that the bank was the maker of the notes, but, on the contrary, such fact was negatived by the allegation that Ward was the maker. There was no allegation that the bank indorsed the notes, or allegation of any other fact to show its liability, except that it had once owned the notes and had in writing transferred same to R. P. Boyd in whose right, and under whom the plaintiffs claimed as heirs. Plaintiffs, in addition to their original petition, filed three supplemental petitions, designated, respectively, first, second, and third supplemental petitions, the nature and effect of which will appear later on. The defendant bank interposed a general demurrer to plaintiffs' original petition which was overruled. The bank, among other things, answered that it sold and delivered the notes without indorsement, and was not personally liable for the payment thereof. In one of the supplemental petitions the plaintiffs contended that the bank was liable personally because it had breached a warranty in the assignment of the notes, viz., that the vendor's lien recited in the notes was the first and only lien (with a named exception) upon the land. It was contended that this warranty was breached by the bank subsequently by cross-action alleging it was the owner of notes 1 and 2 of the series of which the notes sued on were a part, and seeking a foreclosure

of the lien pro tanto. This entire plea, however, was subsequently withdrawn. In the last supplemental petition it was alleged that the bank was liable because through its president, E. O. Jamison, it had verbally guaranteed the payment of said notes at the time of the transfer. Upon the trial the case was submitted to the jury upon the single issue of whether the bank guaranteed payment of the notes at the time of the transfer of same to R. P. Boyd. The jury made an affirmative finding upon this issue. From the judgment rendered in accordance therewith in favor of the plaintiffs, the appeal has been prosecuted by the bank.

We deem it necessary to discuss but two of the grounds urged by the appellant for the reversal of the judgment. All others are more or less connected with these two, or are rendered wholly immaterial by reason of the conclusions we have reached.

■■ The first question is: Did the court err in overruling appellant's general demurrer to appellees' original petition? Appellees do not seriously contend that their original petition was sufficient to state a cause of action for personal recovery against the bank. It is their contention that the facts authorizing personal judgment against the bank were alleged in the supplemental petitions, and that it is, therefore, immaterial that the original petition may have alone been subject to demurrer. It is our conclusion that the general demurrer should have been sustained. It is a basic principle of our system of pleading that a supplemental pleading cannot be made to supply such deficiencies in an original or amended pleading as are reached by general or special exceptions. Whenever a general demurrer, or a special exception, to a pleading is good, the proper and necessary procedure is to amend the pleading thus demurred or excepted to, and not to undertake to supply an omission or otherwise correct the fault by filing a supplemental pleading. In viewing the action of the trial court in overruling a general demurrer to a pleading, the allegations in a supplemental pleading are to be ignored. Pertinent to this subject we quote from Townes' Texas Pleading, p. 447, as follows: "Plaintiff files his original petition, and the defendant answers by demurrer and also sets up new facts. If the plaintiff upon examination of the question concedes that the demurrers are well taken, he should not undertake to avoid their effect by filing a first supplemental petition setting out facts which were omitted in his original

petition because the supplemental petition comes later in the order of pleading than the original answer, and its purpose is to reply to the facts set up in the answer and to join issue upon them, and the defendant's answer could not be used to join issue on it. Plaintiff's remedy in such case would be to take leave to file an amended original petition and include in it the omitted facts. * * * If, however, instead of amending the original petition the plaintiff undertook to cure its defects by alleging the omitted matter in a supplemental petition the court could not properly consider such matter in connection with the original petition, and would sustain the demurrer to the original petition." Again the same authority at the same place says: "It may be stated as an invariable rule that defects in a pleading of any class should be cured by an amended pleading of that class, and not by a pleading of some subsequent class." For decisions of our courts sustaining the correctness of this statement of the law, see Glenn v. Dallas County Bois D'Arc Island Levee Dist., 114 Tex. 325, 268 S. W. 452; Crescent Ins. Co. v. Camp, 64 Tex. 521; Mann v. Trinity Farm Co. (Tex. Civ. App.) 270 S. W. 923; Creosoted Wood Block Paving Co. v. McKay (Tex. Civ. App.) 234 S. W. 587; Schaff v. Perdue (Tex. Civ. App.) 254 S. W. 151; Oak Cliff Ice, etc., v. Peterson (Tex. Civ. App.) 300 S. W. 107; Fink v. San Augustine Groc. Co. (Tex. Civ. App.) 167 S. W. 35; Burger v. Ray (Tex. Civ. App.) 239 S. W. 257; Blewitt v. Greene (Tex. Civ. App.) 122 S. W. 914; Burks v. Burks (Tex. Civ. App.) 141 S. W. 337; May v. Anthony (Tex. Civ. App.) 151 S. W. 602; Kiehn v. Willmann (Tex. Civ. App.) 218 S. W. 15; Sanger Bros. v. Barrett (Tex. Civ. App.) 221 S. W. 1087.

■ Upon the trial, appellant objected to the testimony of witnesses introduced by the plaintiffs to show that at the time of the transfer of the notes by the bank the latter, through its president, verbally guaranteed the payment of the notes, the ground of the objection, among others, being that such testimony varied the terms of a written contract. We also sustain this contention. In the written transfer the bank did warrant that the lien referred to in the notes was a first and only lien with a certain immaterial exception. To permit the plaintiffs to prove in addition to that written warranty that he verbally warranted the payment of the notes would be a typical example of varying the terms of a written contract by proof of a contemporaneous parol agreement.

For these errors it is our opinion that the judgment of the court below should be reversed and the cause remanded, which is accordingly so ordered.

## On Rehearing.

Appellees, in their motion for rehearing, contend that this court, in sustaining the assignment of error relating to the action of the court below in overruling the general demurrer to plaintiffs' original petition, disregarded the rule that in testing the sufficiency of a pleading as against a general demurrer, other pleadings in the case should be considered, and if essential allegations omitted in the pleading in question appear in other pleadings, such omission is thereby cured. We are aware that some such a rule has been recognized and applied as between the pleadings of one party and his adversary. We have not made an investigation to determine possible exceptions to, or limitations upon, its operation. The principle we applied in the original opinion shows, we think, that such a rule is not applicable to this case. Here it is insisted that, if it be granted that plaintiffs' petition states no cause of action, the supplemental petition of the plaintiffs does state a cause of action, even though it be different from any attempted to be stated in the original petition and thereby renders the original petition good as against general demurrer. The question we were called upon to determine, and have determined, is not whether a cause of action was stated in a supplemental pleading, but that the plaintiffs' original petition was fatally defective and that its defects are not affected by allegations in a supplemental pleading.

It is further insisted that in our holding that evidence of a parol guaranty of the payment of the notes made at the time of the written transfer of same was inadmissible as varying the terms of a written contract, we are in conflict with the opinion of this court in the case of Fry v. Barron, 2 S.W.(2d) 888. In that case this court said as to the oral agreement there challenged that "this agreement in no wise varies or contradicts the language of the written assignment." An examination of the instrument there involved confirms this statement. It shows that the writing expressed no continuing obligation. The transfer was completely executed as to all parties upon its delivery. Its only effect was to divest one party of title and vest same in the other. In the instant case the written contract is different. It expressly deals with the subject of covenants, warranties, or guaranties. These constitute continuing obligations. Expressed in simple language, the warranty dealt with in the written instrument is the same as if the bank had said, we promise that, if the lien described in the transfer is not the first and only lien, we will indemnify and hold you harmless from any other lien. Appellees, while recognizing the written obligation, offered to prove that the bank not only thus warranted that the lien transferred was a first and only lien, but at the same time orally warranted, or guaranteed, the payment of the notes at maturity. Since the contract contained one or more written warranties, the proof of another and additional parol warranty would add to the obligations of the bank expressed in the written warranty. DuBois v. Rooney, 82 Tex. 173, 17 S. W. 528. It would, we think, undoubtedly violate the rule which prohibits the varying of the terms of a written contract by evidence of a parol agreement.

We, therefore, conclude that the motion for rehearing should be and is, overruled.