**J. R. LOVE, Appellant,**

v.

**Joe A. IRWIN, Appellee.**

No. 15661.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1956.

Roy H. Callahan, Robert Lee Guthrie, David C. McCord, Jr., Johnson, Guthrie & Stanfield, Dallas, Tex., for appellant.

P. P. Ballowe, B. M. Bates, Piranio, Piranio & Ballowe, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for damages for breach of a contract of purchase and sale.

The claim was: that plaintiff had agreed to sell and defendant to buy all of the outstanding stock of Love Tractor, Inc., the purchase price to be determined by the net book value of the stock according to the annual audited statement as of July 21, 1954, and to be paid by defendant to plaintiff by assignment of first mortgages on certain residential real estate in the Dallas, Texas, area and conveyance of other residential real estate in that area together with outstanding purchase contracts thereon; that the contract provided that the purchase price should be paid and the stock delivered within ten days after acceptance of plaintiff's offer; that within the ten days plaintiff delivered to defendant an executed copy of the annual audited statement of Love Tractor, Inc., and on said date plaintiff tendered to the defendant all of its outstanding stock and demanded of defendant that he make payment of the purchase price as agreed; that defendant did not pay the purchase price or perform his agreement; and that, because of his breach of contract, plaintiff has been damaged in the sum of $125,000.

The defenses were a general denial and affirmative defenses: (1) that Love Tractor, Inc. was insolvent and the book value claimed for it was purely fictitious; (2) that the plaintiff falsely reported the facts as to the stock of the company; (3) that, while there were negotiations in regard to entering into a contract, the parties never did reach an agreement on the terms and conditions; (4) that no enforceable contract was made or could be made because part of the subject matter was within the Statute of Frauds, Vernon's Ann.Civ.St.Tex. art. 3995, and there was no adequate and sufficient description in writing of the real estate which defendant would have been obliged to convey, and because the writings on which plaintiff relies do not constitute a memorandum signed by the defendant, the party to be charged, so as to satisfy the statute; and (5) that plaintiff in undertaking to sell the stock violated the public policy of the state and penal provisions of the Security Act, Vernon's Ann.Civ.St.Tex. art. 600a, section 3(c) and Penal Code, art. 1083a, by undertaking to sell stock in the company without complying with the provisions of the Texas Security Act.

On the issues thus joined, the cause proceeded to trial and was fully heard by the court without a jury on evidence which included the testimony of the lawyer for the plaintiff, that he had made an examination of the large percentage of the properties which Mr. Irwin was to deliver in the trade and that some of the properties were under contracts and some under mortgages, and that of plaintiff as to what he did to measure and determine his damages when defendant refused to make the trade:

"Q. What have you done with reference to the stock of Love Tractor Co., Inc. subsequent thereto? A. I have sold at the best price I could get for it.

"Q. And to whom did you sell it? A. To Melton M. Ohringer, Pittsburgh, Pa.

"Q. And what did you sell it to him for? A. $285,000 net, on a ten year payment plan."

In addition the plaintiff testified: that the Ohringer notes carried 4 percent interest, while the notes Mr. Irwin was to have given carried 8 percent interest; and that, based on diminishing returns, there was $77,000 difference in the interest, making his total loss $125,000.

At the conclusion of the trial the district judge, having overruled defendant's objections to the testimony as insufficient under the Statute of Frauds and having rejected its other specific defenses, in effect found: that plaintiff made the contract; that neither the Statute of Frauds nor the Securities Act was a defense to it; but that, though plaintiff had a contract with the defendant to do certain things and the defendant breached the contract, the plaintiff offered no testimony to support his claim for damages, and was, therefore, not entitled to recover. Concluding:

"I do not see any lawsuit here, Gentlemen. Both of you are fighting windmills. The defenses are of no consequence. The plaintiff's loss is inconsequential. There are no damages proven here. I cannot go into this case and figure out some damages. There is no testimony whatever except that the plaintiff sold to another man for less than he would have gotten if the defendant had gone through with his contract."

he entered judgment for the defendant.

Appealing from the judgment, plaintiff is here insisting: that the record fully supports the findings of the district judge that there was a contract and that it was breached; and further that, since plaintiff testified to the price at which he sold the stock and that this was the best price he could get, and no one contradicted him, there is no basis for the court's finding that there was no proof of damages, none for denying plaintiff a judgment.

■ For the reasons hereafter briefly stated, we cannot agree. We do agree with the district judge that no sufficient showing was made that the Securities Act was violated. We think, though, that the record shows beyond question that the subject matter of the contract was within the Statute of Frauds and that for want of a sufficient writing, the claimed contract was unenforceable. This is not to hold that in so far as the contract dealt with mortgages, their assignment was within the statute and required a writing. We think the contrary is true. Fry v. Barron, Tex. Civ.App., 2 S.W.2d 888; Ferguson Seed Farms v. Ferguson, Tex.Civ.App., 52 S.W.2d 354, 355. However, as pleaded by plaintiff and established by the uncontradicted evidence, the contract dealt also with the conveyance of lands which were under contracts to purchase, and it is quite clear that there was no sufficient description of the property to take the contract out of the Statute of Frauds. Mozingo v. Collins, 5 Cir., 208 F.2d 397, 398; Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150; Tidwell v. Cheshier, Tex., 265 S.W.2d 568; 20 Tex.Jur., Statute of Frauds. Secs. 78, 79, 80, 102 and 103, and cases cited.

■■ Finally, we find ourselves in complete agreement with the conclusions of the district judge that no sufficient proof of damage was made. It is, of course, true, that while damages for breach of a contract for sale of stock are ordinarily measured by the difference between the contract price and its market value at the time of the breach, they may be measured by sale of the stock by the seller for the best price obtainable, upon adequate proof that the sale was made under circumstances calculated to produce a fair price, and that the price the property brought at the sale was really the best price obtainable for the

property. That the principles governing the matter are well established and that they were not observed here will be clearly seen by a reference to 46 Am.Jur., "Sales", Secs. 566, 571 to 574, and to 37 Tex.Jur., "Sales", Secs. 281–284. Perhaps the leading case on the question is Clews v. Jamieson, 182 U.S. 461, 21 S.Ct. 845, 45 L.Ed. 1183. The matter is also well discussed in Obrecht v. Crawford, 175 Md. 385, 2 A.2d 1, 119 A.L.R. 1129 and note on page 1141. See also Shaeffer v. Smyth, 124 Tex. 509, at page 515, 78 S.W.2d 935, 79 S.W.2d 847. No effort whatever was made in this case to make a showing which would bring this case within the usually required conditions for such a sale, plaintiff relying entirely upon his unsupported ipse dixit to fix and settle his own damages. The finding of the court, that plaintiff had not proved his damages, was therefore not merely permissible. It was required.

The judgment was right. It is affirmed.